SCHUMANN v. DAVIS.

1. HOMESTEADS—EXEMPTIONS—PROTECTING DEBTORS.
    The purpose of the statute in exempting a homestead is to permit a debtor to have something beyond the reach of his creditors; it is for the protection of debtors, since others do not need it.

2. SAME—EXEMPTIONS—DEBTOR AND CREDITOR.
    Where one charged with the crime of murder deeded his homestead to the sister of his attorney in order to insure him the payment of his fees and to provide means

for a proper defense, the legal status of one who rendered services in connection with said defense, although with knowledge of the deeding of said homestead and its purpose, is that of a creditor and nothing more, which status became fixed by his recovery of a judgment in an action therefor.

3. SAME—SALE OF HOMESTEAD WITH INTENT TO PURCHASE ANOTHER—EXEMPTIONS.

Where one sells his homestead with the intention of purchasing another by way of life lease, he would have, under the law, a reasonable time in which to perfect his plan, and after the sale of the homestead and during a reasonable interval pending the purchase of another, debts contracted by him would stand no better than if incurred after the acquiring of the new homestead unless he fraudulently gained credit by holding out that his means of payment were not exempt.

4. SAME—SALE FOR PURPOSE OF DEFENSE IN CRIMINAL PROSECUTION—ABANDONMENT.

The deeding of a homestead by one charged with a serious crime for the purpose of making a defense does not constitute an abandonment of his homestead rights, and any balance remaining, after he has again secured his liberty, is exempt if actually devoted to a homestead purpose at the earliest moment available.

5. SAME—PROCEEDS FROM SALE FOR PURPOSE OF DEFENSE NOT A TRUST FUND—DEBTOR AND CREDITOR.

The conveyance of a homestead for the purpose of making a defense in a criminal prosecution did not create a trust fund constituting one who performed services in said defense a beneficiary thereunder entitling him to follow the fund and giving him rights superior to the exempt character thereof.

6. SAME—PROCEEDS FROM SALE FOR PURPOSE OF DEFENSE EXEMPT WHEN INVESTED IN LIFE LEASE HOMESTEAD.

Money received from the proceeds of the sale of a homestead, paid to defendant for a life lease to be used as a homestead, is exempt, and in an action by the receiver of the owner of the homestead to recover same in the interest of a judgment creditor, a verdict for defendant was properly directed.

CLARK, BIRD, and SHARPE, JJ., dissenting in part.

Error to Allegan; Cross (Orien S.), J. Submitted April 8, 1921. (Docket No. 50.) Decided July 19, 1921. Rehearing denied October 3, 1921.

Assumpsit by Andrew F. Schumann, receiver for John Curtis, against Jennie Davis for the amount of a judgment. Judgment for defendant. Plaintiff brings error. Affirmed.

*Clare E. Hoffman* (*Charles Thew,* of counsel), for appellant.

*W. J. Barnard,* for appellee.

WIEST, J. Dell Morey recovered a judgment in justice's court against John Curtis, had the same certified to and entered as a judgment in the circuit court and upon return of execution *nulla bona,* obtained an order under the provision of section 13378, 3 Comp. Laws 1915, and thereunder required the judgment debtor to appear and make discovery concerning his property. Upon that hearing the circuit judge made a finding that the amount due upon the judgment was $102.96 and that Jennie Davis had property belonging to and was indebted to John Curtis in funds not exempt from execution. Thereupon plaintiff herein, as receiver of the property of John Curtis, brought this suit to recover funds of the judgment debtor in the hands of defendant. Defendant under the plea of the general issue gave notice that whatever funds she had received from John Curtis came out of his exempt property and in consideration of her giving him a life lease of certain property, for his homestead, and denied the jurisdiction of the court to appoint a receiver to recover exempt property, and claimed the finding made that she had funds belonging to Curtis was void. The issue came on for trial in the Allegan circuit and upon findings of fact the court entered

judgment in favor of defendant, holding that the money paid to the defendant by Mr. Curtis was for a homestead and derived from his previous homestead, and therefore exempt. Exceptions to the findings were duly filed by plaintiff and the case is brought here by writ of error.

It appears that John Curtis was charged with the crime of murder and engaged Clare E. Hoffman, an attorney, to defend him, and to enable the attorney to make necessary investigation and to insure his fees and to take care of the matter of his defense, Mr. Curtis, on the 8th day of September, 1913, conveyed certain real estate, which he had up to that time occupied as a homestead, to Elizabeth I. Clemens, sister of Mr. Hoffman. Mr. Morey had knowledge of this conveyance and after it was made he performed services for Mr. Curtis in connection with the latter's defense. After Mr. Curtis was acquitted of the crime charged he filed a bill to have the deed to Mrs. Clemens declared to be a mortgage, and an adjustment was reached under which Curtis was paid $983.48, and the bill was dismissed. The amount due Mr. Morey from Mr. Curtis was not paid by Mr. Hoffman for the reason that the account was disputed. Mr. Curtis paid defendant, Jennie Davis, out of the money he received from the homestead property he had conveyed to Mrs. Clemens, the sum of $900 for a life lease of certain premises, upon which he resided at the time suit was brought, and which he claimed as his homestead.

If the court was right in holding that the money used by Mr. Curtis in purchasing the life lease was exempt for that purpose then there is no occasion to consider the other assignments of error. The purpose of the statute in exempting a homestead is to permit a debtor to have something beyond the reach

of his creditors; it is for the protection of debtors; others do not need it.

Mr. Morey was never more than a creditor of Mr. Curtis, and he properly fixed his legal status as such when he brought suit and recovered judgment. No equities are involved here and none can be worked out under the form of action adopted by Mr. Morey. It should be observed, however, that Mr. Morey could not have brought any other form of action.

If Mr. Curtis sold his homestead with the intention of purchasing another by way of life lease, he would have, under the law, a reasonable time in which to perfect his plan, and after the sale of the homestead and during a reasonable interval pending the purchase of another, debts contracted by him would stand no better than if incurred after the acquiring of the new homestead, unless he fraudulently gained credit by holding out that his means of payment were not exempt.

Conceding that Mr. Morey understood the homestead had been put up to pay expenses, and expected to be paid by Mr. Hoffman out of the same, and was not paid because of a disagreement between himself and Mr. Curtis as to the value of his services, that did not constitute him a beneficiary of the fund so as to impress it with a trust in his favor. Mr. Morey was no more than a creditor of Mr. Curtis and the record does not warrant a finding that Mr. Curtis fraudulently gained credit by holding out that his means of payment were not exempt.

Did Mr. Curtis lose his homestead rights in the property or in any fund arising therefrom by deeding the property to Mrs. Clemens? In considering this question there must be kept in mind the purpose of the conveyance. Mr. Curtis was charged with a serious crime and in order to enable him to make his defense it was necessary for him to employ his home-

stead rights, so far as necessary, and this he had a right to do, without losing his right of exemption. While it is true that the permanent appropriation of the homestead to an inconsistent use is an abandonment thereof, yet, when the purpose of Mr. Curtis is considered, it must be found to have been to preserve his liberty and, therefore, in line with the use and enjoyment of a homestead when again free, followed by an actual devotion of the remains of the fund to a homestead purpose at the earliest moment available.

We are not impressed with the claim of plaintiff that the conveyance to Mrs. Clemens created a trust fund and constituted Mr. Morey a beneficiary upon his performance of services and fastened his claim upon the fund so as to follow the same and rise superior to the exempt character thereof. We are fully persuaded that the avails from the homestead realized by Mr. Curtis were exempt if used for new homestead purposes, and being so used by him placed the same beyond the reach of plaintiff, and the circuit judge very properly entered judgment for defendant.

The funds returned to Curtis came within his exemption, and Mr. Curtis had a right to use the same in purchasing the life lease. *Cullen* v. *Harris*, 111 Mich. 20. The life estate purchased constituted a homestead. *Bakker* v. *Fellows*, 153 Mich. 428; *Crouse* v. *Michell*, 130 Mich. 347.

The judgment is affirmed, with costs to appellee.

STEERE, C. J., and MOORE, FELLOWS, and STONE, JJ., concurred with WIEST, J.

SHARPE, J. I concur in the affirmance of the judgment in this case, but not for the reason stated by Mr. Justice WIEST. The defendant executed the deed conveying a life estate to Curtis in consideration of the payment to her of $900. If any part of this

money be held liable for the payment of the judgment secured by Morey against Curtis, this deed must be set aside.    The defendant cannot be required to pay and yet have her property subject to the life estate in Curtis.    Any relief to which Morey may be found entitled must be secured through a proceeding in equity in which his rights and those of the defendant and Curtis may be adjudicated.

In my opinion we should not in this case determine whether the $900 paid by Curtis to the defendant for the conveyance by her to him of the life estate is exempt from the payment of Morey's judgment.    As stated by Mr. Justice WIEST, the trial judge, in the proceedings brought under section 13378 *et seq.*, in a final order made by him, determined that "Jennie Davis had property belonging to and was indebted to John Curtis in funds not exempt from execution." Section 13388 provides that this order "shall have the like validity and force as the decree of a court of equity."    An appeal may be taken therefrom to this court (§ 13389).    We should not on this record determine the effect of this order.

It is the claim of Morey that the conveyance by Curtis to Elizabeth I. Clemens was made to secure the payment to him for any service he might render in the defense of Curtis on the criminal charge.    This seems to have been admitted by Curtis, who testified, "That home was turned over for disbursements, that is what it was turned over for."    That such service was rendered, and its value, is established by the judgment secured by Morey against Curtis.    Mr. Hoffman testified that he would have paid Morey but for the dispute between him and Curtis as to the amount which should be paid.    Whether the $900 turned over by Hoffman to Curtis, and paid by him to the defendant for the conveyance of the life estate, was part of a trust fund, of which Morey was a *cestui que trust*

to the amount of his judgment, and may be followed by him and the trust impressed thereon in the hands of the defendant, is not before us for determination.

I am of the opinion that the judgment should be affirmed, but without prejudice to any proper proceeding which may be brought by Morey to determine his right to have his judgment paid out of this money.

CLARK and BIRD, JJ., concurred with SHARPE, J.