# IN THE MATTER OF THE ESTATE OF JAMES SCHENUM,
## Deceased.
## D. C. CULLEN, et al., Respondents, v. IDA SULLIVAN, Appellant.

### (199 N. W. 760)

**Statutory provisions — homestead exempt — subject to execution or forced sale, when.**

1. Under the laws of this state "the homestead as created, defined and limited by law" is absolutely exempt (Comp. Laws, 1913, §§ 7729, 7730) and is subject to execution or forced sale only "in satisfaction of judgments obtained:

(a) On debts secured by mechanics' or laborers' liens for work or labor done or material furnished exclusively for the improvement of the same.

(b) On debts secured by mortgage on the premises executed and acknowledged by both husband and wife, or an unmarried claimant.

(c) On debts created for the purchase thereof and for all taxes accruing and levied thereon." Comp. Laws, 1913, § 5607; Laws 1923, Chap. 229.

---

Note.—(1) Statutory provisions as to homestead exemptions against particular debts or claims, see notes in 29 L.R.A.(N.S.) 428; 40 L.R.A.(N.S.) 275; L.R.A. 1916C, 675; L.R.A.1918D, 1055; 13 R. C. L. pp. 603, 608, 611; 3 R. C. L. Supp. pp. 65, 66; 4 R. C. L. Supp. 824.

(2) Surviving wife or husband as entitled to homestead, see notes in 4 L.R.A. (N.S.) 391; L.R.A.1917C, 365; 13 R. C. L. pp. 666, 671; 3 R. C. L. Supp. 71.

**Homestead — surviving wife, when sole heir, receives homestead exempt from all debts of deceased husband, except those specifically provided by statute.**

2. Where the owner of a homestead dies, leaving a surviving wife as his sole heir, the homestead becomes vested in the surviving wife, exempt from all debts of her deceased husband, excepting alone those of the three classes above specified. Comp. Laws, 1913, § 5631.

Opinion filed July 29, 1924.

Homesteads, 29 C. J. § 211 p. 864 n. 24; § 224 p. 869 n. 90; § 226 p. 871 n. 14; § 470 p. 994 n. 18; § 528 p. 1029 n. 31.

Appeal from the District Court of Ransom County; *Wolfe, J.*
Action by D. C. Cullen and others against Ida Sullivan.
Judgment for plaintiffs and defendant appeals.
Reversed.
*Kvello & Adams,* for appellant.
*Curtis & Remington,* for respondents.

CHRISTIANSON, J. This is an appeal from a judgment of the district court of Ransom county affirming a decree of the county court of that county, decreeing that a homestead (formerly set aside to the widow) had become and was a part of the estate of the decedent and as such subject to administration and the payment of claims against such estate. The material and undisputed facts are as follows: On February 22nd, 1920, one James Schenum died in Ransom county, North Dakota. At the time of his death he was a resident of Ransom county and left certain property °subject to probate; he left surviving him his widow, Ida, who was his sole heir; said Schenum also left a will wherein he devised and bequeathed his entire estate to his said wife and named her executrix of such will; said will was duly admitted to probate and the surviving wife duly appointed executrix; letters testamentary were issued to her and she duly qualified and acted as such executrix; the estate of said Schenum consisted of personal property, less than $1,500 in value, which was duly inventoried and appraised; and a one hundred and sixty acre tract of land of the approximate value of $3,500, which at the time of Schenum's death was occupied by

51 N. D.—25.

him and his wife as their home; said real property was by the said executrix, in her inventory, selected as a homestead and claimed by her to be exempt, as such; thereupon an order was made by the county court duly setting the same aside to her as a homestead; subsequently, and on or about January 11th, 1922, the surviving wife remarried with one Jesse Sullivan, and is still his wife and lives with him upon land adjoining that claimed by and set aside to her as a homestead.

The sole question presented is whether real property, which is occupied by a decedent and his wife as a homestead at the time of decedent's death and subsequently set aside to the surviving wife as a homestead, descends to his wife exempt from decedent's debts (except as provided in § 5607, Comp. Laws 1913). The court below answered this question in the negative. In our opinion that ruling was erroneous and must be reversed.

The state Constitution (§ 208) provides: "The right of a debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead the value of which shall be limited and defined by law. . . . This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvement thereof, in such manner as may be prescribed by law."

The homestead referred to in this constitutional provision is the real property upon which the home is situated, and which is devoted to a use appropriate and usual to a home place. Calmer v. Calmer, 15 N. D. 120, 125, 106 N. W. 684. The constitution, however, imposed upon the legislature the duty of limiting and defining the value of the homestead.

In conformity with the constitutional requirement the legislature has provided that: "The homestead of every head of a family residing in this state, not exceeding in value five thousand dollars ($5,000), and if within a town plat not exceeding two acres in extent, and if not within a town plat not exceeding in the aggregate more than one hundred and sixty acres, and consisting of a dwelling house in which the homestead claimant resides and all of its appurtenances and the land on which the same is situated, shall be exempt from judgment lien and from execution or forced sale except as provided in this chapter." Comp. Laws 1913, § 6505.

This section was not intended as a definition of the term "homestead," but as a limitation and definition of the value of the homestead exemption. In this enactment, the legislature recognized the right of a homestead exemption in all heads of families in this state, and sought to fix the amount thereof in area and in value. Calmer v. Calmer, 15 N. D. 120, 126, 106 N. W. 684.

"The homestead as created, defined and limited by law" is absolutely exempt (§§ 7729, 7730, Comp. Laws 1913), and is subject to execution or forced sale only "in satisfaction of judgments obtained:

1. On debts secured by mechanics' or laborers' liens for work or labor done or material furnished exclusively for the improvement of the same.

2. On debts secured by mortgage on the premises executed and acknowledged by both husband and wife, or an unmarried claimant.

3. On debts created for the purchase thereof and for all taxes accruing and levied thereon." Comp. Laws 1913, § 5607.

"The homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Comp. Laws 1913, § 5608.

(Sections 5605, 5607, 5608, and 5611, were amended by the legislature in 1923 so as to preserve the homestead for the benefit of the family, to even a greater degree than under the above quoted provisions. See chapters 229 to 230, Sessions Laws 1923.)

Sections 5611–5619, Comp. Laws 1913, prescribe the method of determining the value of the homestead and the procedure by an execution creditor who has levied thereon and desires to reach the nonexempt part of the property, in case "the value of the homestead exceeds the amount of the homestead exemption." § 5612, supra. These sections, among other things, in substance provide that if the value of the property claimed as a homestead exceeds $5,000, and cannot be divided without material injury, the whole shall be offered for sale, and if it can be sold for more than $5,000, then that sum shall be paid to the homestead claimant and the remainder of the proceeds of the sale may be applied on the execution. The sum so paid to the homestead claimant is exempt, and is entitled to the same "protection against legal

process and voluntary disposition by the husband as the original homestead premises."   Comp. Laws 1913, §§ 5618, 5620.

Sections 5627–5632, Comp. Laws 1913, relate to the disposition of the homestead after the owner's death.

Section 5627 provides: "Upon the death of a person in whom the title to real property constituting a homestead as defined in this chapter is vested a homestead estate in such real property shall survive, descend and be distributed to the persons and in the order following:

"1. To the surviving husband or wife for life; or,

"2. There being no surviving husband or wife, to the decedent's minor child or children until the youngest attains majority; or,

"3. The surviving husband or wife dying before, then thereafter to the decedent's minor child or children until the youngest attains majority."

Section 5628 defines the term "homestead estate" to mean "the right to the possession, use, control, income and rents of the real property held or occupied by such decedent as a homestead at death."

Section 5629 provides: "If a homestead in such real property had been ascertained and set off to such decedent before death as provided in this chapter the homestead estate provided for in § 5627 shall be commensurate therewith and must not be again ascertained; but if such homestead had not been so ascertained and set off, the county court must ascertain in the manner provided in the probate code and set off and decree the homestead estate to the surviving husband or wife, or minor child or children, as the case may be; provided, however, that the real property which is subjected to the homestead estate by the county court and in which such estate is ascertained and set off by such court must not exceed in value or area the value or area prescribed in § 5605."

Section 5630 prescribes the form and contents of the decree of the county court setting off the homestead estate.

Section 5631 provides: "The real property subjected to such homestead estate shall, subject to the full satisfaction of such estate, descend exempt from decedent's debts except as provided in § 5607 and be distributed in the same manner as real property not subjected to a homestead estate, or as directed in the decedent's will; provided, that in no case shall the real property constituting the homestead of a decedent,

or any part thereof, descend or be distributed to any person other than the surviving husband or wife and decedent's heirs in the direct descending line as prescribed in chapter 53 until all the decedent's debts are fully paid."

Section 5632, Comp. Laws 1913, provides: "Subject to the homestead estate as defined by law and the payment of decedent's debts, the homestead may be devised to persons other than those mentioned in § 5631 like other real property of the testator."

The procedure for ascertaining and setting off the homestead estate is further prescribed in the Probate Code. See Comp. Laws 1913, §§ 8723, et seq.

Section 8723 provides: "Upon the death of either husband or wife the survivor, *so long as he or she do not again marry,* may continue to possess and occupy the whole homestead, and upon the death of both husband and wife the children may continue to possess and occupy the same until otherwise disposed of according to law. Such homestead, as defined in section 5605 of the Civil Code, must be ascertained and set apart as hereinafter prescribed upon the selection of the person or persons entitled to possession thereof, and shall not be subject to the payment of any debt or liability contracted by or existing against the husband or wife or either of them previous to or at the time of the death of such husband or wife." (Italics ours.)

Respondents rely largely, if not wholly, upon the clause in § 8723, supra, which we have italicized. They contend that this clause is a clear and unequivocal declaration that all interest of a surviving wife in and to the homestead terminates when she remarries. This contention ignores the provisions of law relating to the homestead exemption, and the descent and distribution of the homestead upon the death of the person in whom the title to real property, constituting a homestead, is vested. There is a clear distinction between the "homestead" and the "homestead estate." The homestead "consists of a dwelling house in which the homestead claimant resides and all its appurtenances and the land on which the same is situated," not "exceeding in value $5,000," and "if within a town plat not exceeding two acres in extent and if not within a town plat not exceeding in the aggregate more than one hundred and sixty acres." § 6505. The "homestead estate" is merely "the right to the possession, use, control, income and rents of

the real property held and occupied by the decedent as a homestead at death." § 5628. The "homestead estate" is dependent upon the existence of a "homestead," and there is no "homestead estate" to descend or be distributed unless the decedent at the time of his death was entitled to a homestead exemption. Calmer v. Calmer, 15 N. D. 120, 125, 106 N. W. 684; Holcomb v. Holcomb, 18 N. D. 561, 120 N. W. 547, 21 Ann. Cas. 1145.

The decree setting off the homestead after the death of the owner, merely sets off and decrees "the *homestead estate* to the surviving husband or wife or minor child or children as the case may be." Section 5629, supra.

In case the homestead estate is set off to the surviving wife or husband, she or he, as the case may be, may continue to possess and occupy the whole of the real property subjected to such homestead estate, for life (§ 5627, supra), or until he or she remarries. § 8723, supra. This "homestead estate," that is, the right of possession is separate and distinct from, and not affected by, the right to take the real property, subjected to such estate, either as an heir or under a will. Calmer v. Calmer, 15 N. D. 120, 127, 106 N. W. 684.

"*The real property subjected to such homestead estate*" descends "exempt from decedent's debts except as provided in § 5607," and is to be "distributed in the same manner as real property not subjected to a homestead estate, or as directed in the decedent's will; provided, that in no case shall the real property constituting the homestead of a decedent, or any part thereof, descend or be distributed to any person other than the surviving husband or wife and decedent's heirs in the direct descending line as prescribed in chapter 53 (Civil Code) until all the decedent's debts are fully paid." § 5631, supra.

This language is, we think, too plain to require construction. As was well said by Mr. Justice Engerud in Calmer v. Calmer, 15 N. D. 120, 127, 106 N. W. 684:—"The intent of the law to continue the exemption for the benefit of the surviving family after the death of the owner of the homestead is too clear for question. Fore v. Fore, 2 N. D. 261, 50 N. W. 712. The exemption right is not only continued after the death of the family head, but it is enlarged so as to possess all the attributes of an estate in the property for the benefit of the widow

or minor children superior, not only to the rights of creditors, but also to the rights of the legal heirs or devisees."

In this case the surviving wife was also the sole heir, and also the sole devisee under the will. In her case the decree setting off the homestead estate was largely an idle ceremony, for the homestead, which was subjected to the homestead estate, belonged to her absolutely as the heir and devisee of her husband, free and clear of any claims of the creditors of her deceased husband. Swiden v. Hasn, 43 N. D. 360, 366, 175 N. W. 214.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.