SIRI KORSMO, Executrix, Respondent, v. THE CITIZEN'S NATIONAL BANK OF NORTHWOOD, Appellant.

(220 N. W. 128.)

**Executors and administrators — pending settlement of estate, widow is entitled to interest on sums advanced for use thereof.**

1. In a controversy arising upon the account of an executrix it is held for reasons stated in the opinion:

That the widow of the decedent is entitled to interest upon certain sums of money which she advanced for the use of the estate.

**Wills — widow held entitled to rent for land devised to her absolutely and utilized for use of estate.**

2. That the widow is entitled to rent for a tract of land devised to her absolutely, and which is occupied by her as a homestead.

Opinion filed June 21, 1928.

Executors and Administrators, 24 C. J. § 1207 p. 442 n. 11; § 1211 p. 444 n. 25.

Appeal from the District Court of Grand Forks County, *Englert,* J.

Citizen's National Bank of Northwood, assignee of the interest of one of the heirs and devisees, appeals from the decision of the district court of Grand Forks county, modifying an order of the county court of that county, entered upon a hearing had on the report of the executrix.

Modified and affirmed.

*C. F. Peterson* and *Pierce, Tenneson, Cupler & Stambaugh,* for appellant:

"A charge of interest by the personal representative on advances made by him is not favored, and the circumstances offered to sustain it will be examined with scrupulous care, and interest will not be allowed where funds amply sufficient to meet all claims against the estate were in possession of the personal representative, or where failure to obtain sufficient funds was due to his negligence in converting the assets of the estate into money." 24 C. J. 442 (1207). See Liddell v. McVickar, 11 N. J. L. 44, 19 Am. Dec. 369; Billingslea v. Henry, 20 Md. 282; Stilwell v. Melrose, 15 Hun, 378.

*Lemke & Weaver,* for respondent.

"When proper vouchers are produced, they are of themselves prima facie evidence of the disbursements without any further proof and the burden is cast upon a contestant to show that the items paid by a personal representative and represented by vouchers were not just debts or claims against the estate." 24 C. J. 1021.

"While cancelled checks are not what the statute contemplates as vouchers where evidence shows payments made and the purpose thereof, they are sufficient to support an account." Re Campbell, 98 Wash. 295, 167 Pac. 905.

"The representative must show that his account is correct, although he is not in such case obliged to prove each separate item." 24 C. J. 1017; Re Campbell, 98 Wash. 295.

"And excellent authority finds a presumption that every person has performed a duty enjoined by law or contract unless the contrary appears." 10 R. C. L. § 31.

"When a representative of an estate on final accounting produces vouchers for sums paid out by him for which he seeks credit in his account, and which account is sworn to, the burden is cast upon the contestant to show that the items paid by the representative, and represented by vouchers, were not just debts or claims against the estate." Re Percival, 141 N. Y. Supp. 180.

Creditors of legatees or distributees are not, merely as such, entitled to demand an accounting, even though their debts have been reduced to judgment. 24 C. J. 929; Re Collmar, 141 N. Y. Supp. 179; Re Witt, 141 N. Y. Supp. 179.

"A creditor of a distributee has not such an interest in an estate as to authorize him to contest the account of the representative." 24 C. J. 1008; Owens v. Thurmond, 40 Ala. 289.

CHRISTIANSON, J. This controversy originated in the county court of Grand Forks county and involves the report and account of Siri Korsmo, executrix of the last will and testament of Peter N. Korsmo, deceased. Peter N. Korsmo died on or about February 17, 1914. He left as his heirs at law and as devisees and legatees under his last will and testament his wife, Siri Korsmo, and six sons and two daughters. Siri Korsmo and A. S. Ellingson (then cashier of the Citizen's National Bank of Northwood) were named in the will as executrix and executor.

The will was admitted to probate and Siri Korsmo and A. S. Ellingson were appointed executrix and executor according to the directions of the will and both duly qualified as such and letters testamentary were issued to them on April 24, 1914. The evidence indicates that Ellingson was the active executor and had principal charge of the affairs of the estate; he kept the accounts, paid the bills, signed and verified the reports to the county court, etc., and Siri Korsmo, although duly qualified as executrix had little or nothing to do with matters of that kind. She continued to live on the farm, and she and the members of the family continued to labor thereon and carry on the farming operations. Ellingson died on July 25, 1925, and since that time Siri Korsmo has been the sole executrix. It appears that Ellingson, from time to time, filed certain reports with the county court but that no hearing was had on such reports; and after the death of Ellingson the widow filed what is denominated a consolidated report covering the entire period of the administration of the estate; and the controversy here arose upon written objections filed by the Citizen's National Bank of Northwood (which is an assignee of the interest of Ole Korsmo, a son of the deceased) and J. A. Peterson (who is an assignee of the interest of Oscar Korsmo, another son of the deceased), such written objections being levelled at a number of items in the report and account of said executrix. A hearing was had upon the report and the county court sustained the objections so filed to a number of items and disallowed the same. The executrix appealed to the district court from the decision of the county court and demanded a trial in the district court of the questions of fact involving such items. The matter came on for hearing in the district court, evidence was adduced by both parties to the controversy, and after due consideration the district court rendered a decision allowing certain items which had been disallowed by the county court and directed that the order of the county court be modified accordingly. The Citizen's National Bank of Northwood appeals from the decision of the district court.

The facts necessary to an understanding of the questions involved are substantially as follows: Peter N. Korsmo was possessed of considerable property, both real and personal. The real property consisted of some eight hundred acres in Grand Forks county in this state. By the provisions of his last will and testament, Peter N. Korsmo de-

vised unto his wife, Siri Korsmo, a tract of land consisting of one hundred sixty acres which is specifically described in the will and denominated by the testator as "my homestead." The will made provision for certain small legacies and provided that until the children should become of age the realty should be kept intact, and directed and authorized the "executors" to do whatever was necessary to carry out such directions. The will further provided that after the children should become of age the executors might continue to manage the realty and personal property until "said children or any of them may be in a position, in the judgment of the executors, to take over and buy out or release the said realty other than the homestead, or any of it, in which case the estate may be closed and partitioned and distributed . . . provided, however, that the said executors shall, within five years after all my children become of age, unless it has been closed as hereinbefore mentioned, close up this estate and distribute said property, real and personal, other than homestead, to my beloved wife, Siri Korsmo, and children to hold in common and equal shares." The decedent left certain insurance policies upon his life made payable to his wife. Of the moneys received by her upon such policies she advanced some $2,000 to the estate. It is undisputed that the money was so advanced and used by and for the estate; that such moneys were deposited to the credit of the estate and distributed by Ellingson for the benefit of the estate in the regular course of administration. The evidence shows that the farm was operated in accordance with the directions of the testator and that the one hundred sixty acre tract devised to the widow was utilized for the benefit of the estate, and that all income from the same became a part of the funds of the estate.

The two principal questions presented, and we think the only questions involved, in this controversy are: (1) Whether Siri Korsmo was entitled to interest upon $2,000 of life insurance money which she advanced to the estate; and (2) Whether she is entitled to compensation for the use of the tract of land devised to her in the will and known as the homestead.

(1) It is undisputed that $2,000 of moneys belonging to Siri Korsmo was advanced to and used for the benefit of the estate and no question is raised as to her right to be reimbursed for the moneys so advanced. The sole question presented is whether she is entitled to recover inter-

est upon such moneys during the time the estate has had the use thereof. The district court allowed interest and the appellant contends that the district court erred in so doing. In a memorandum opinion filed in this case the trial court said: "The estate had the use of Mrs. Korsmo's money and it was of great benefit to the estate." In our opinion this statement is fully justified by the evidence. The evidence shows that in addition to the money advanced by Siri Korsmo, the executors found it necessary to borrow money from the appellant bank and that the estate was compelled to pay for the money so borrowed a rate of interest considerably higher than the legal rate of 6 per cent per annum which Siri Korsmo claimed and the trial court allowed. We think the evidence fully justifies the conclusion that the money was loaned to the estate by Siri Korsmo in good faith and that it was properly used for the benefit of the estate. Under our laws a loan of money is presumed to be made upon interest unless otherwise expressly stipulated at the time in writing. Comp. Laws 1913, § 6069. We are of the opinion that in the circumstances established in this case the trial court was justified in allowing interest on the moneys advanced by the executrix. 24 C. J. 442, 443.

(2) Is Siri Korsmo entitled to be reimbursed for the use of the land devised to her? As has been indicated the decedent by express provision in the will, devised to his wife a one hundred sixty acre tract of land denominated as "my homestead." The evidence shows that at the time of the death of Peter N. Korsmo this tract of land was occupied as the family home and that the widow and the other members of the family continued to occupy the same. The records also show that in the inventory and appraisement filed in the estate this tract was listed as the homestead and occupied and claimed as such. The evidence shows that Siri Korsmo did not use this tract of land for her own benefit but that it was all used for the benefit of the estate. It is urged by the appellant that the rents and profits of this tract of land belonged to the estate and not to Siri Korsmo for the reason that it had not been set aside to her as a homestead under § 8723, Comp. Laws 1913. In our opinion this argument is not well founded. This is not a case involving real property of the decedent which the executor or administrator is entitled to possess and which is subject to the debts of the decedent. Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029. Nor is it a

case where a widow merely has a right to petition that a certain tract of land be set aside as a homestead and where upon her petition being granted she becomes vested merely with a homestead estate, *that is*, with a right to possess and occupy the same during her life or so long as she does not marry. Comp. Laws 1913, § 8723. But it is a case where a tract of land, which at the time of the death of the husband is occupied as a family home and is impressed with the characteristics of a homestead, is devised absolutely to the widow. *In other words, it is a case* where the executor or administrator has no right of possession (Comp. Laws 1913, § 8707) and the widow has not merely a homestead estate but is vested with a fee title, free and clear of the debts of the decedent. (Comp. Laws 1913, §§ 5631, 5678; Cullen v. Sullivan, 51 N. D. 384, 199 N. W. 760); and where she has at all times been in actual occupancy and control of such premises but in order to facilitate the proper management and operation of properties belonging to the estate has permitted the land belonging to and occupied by her to be utilized by and for the benefit of the estate.

We are not concerned in this case with the measure to be adopted in computing compensation. The primary question is whether, in the circumstances stated, the rents for a tract of land so situated belong to the estate and are part of the funds of the estate, or whether such rents and profits belong to the widow. We are of the opinion that in the circumstances the widow is entitled to the rents for the tract of land occupied by her and that in a controversy between her and the representatives of the estate as regards such rents the widow must prevail. And we are wholly agreed that under the evidence in this case the allowances made by the trial court to the widow for the use and occupancy of her land is not at all excessive.

Some argument is advanced by appellant to the effect that certain portions of the claim for rent are barred by the statute of limitations. This argument is predicated upon the theory that the claim for rent for the homestead property was and is a claim provable against the estate. In our opinion the claim is not a claim against the estate within the statutes relating to proof of such claims. It was not a debt contracted by the decedent or arising during his lifetime or out of any transaction had with him but was an expenditure incident to the administration and preservation of the estate, and is therefore properly

allowable to the representative in his account. Garver v. Thoman, 15 Ariz. 38, 135 Pac. 724.

The trial court, also, awarded interest upon the items allowed for rent. In our opinion interest should not have been allowed. The claim for use and occupation of the land was unliquidated. It was incumbent upon the executrix to include such claim in the various reports which she was required by law to render and we do not believe that she ought to be permitted to recover interest during the time she failed to present such claim in her reports. Hence, interest on such items should be disallowed and the order of the district court should be modified so as to disallow all interest on allowances for rent. The executrix, however, will be entitled to recover interest on such items from the date of their allowance by the district court.

The district court also allowed to the executrix certain items for two promissory notes which had been paid by the "executors" and which items had been disallowed by the county court. While the appeal was taken from the whole of the decision of the district court, no reference is made in appellant's brief to the action of the district court in allowing the sums paid for such promissory notes. Consequently, under well established rules, the rulings of the court as regards such notes will not be considered as involved on this appeal.

This disposes of the questions presented by the appellant. It is contended by the respondent, however, that the district court should have allowed certain other items which had been disallowed by the county court; and the respondent asks that this court review the correctness of the rulings in disallowing such items. The request thus made by the respondent cannot be entertained. This case is not here for trial anew. There is no demand by the appellant for such trial. The review sought is restricted to certain specified errors and there was no appeal by the executrix from the decision of the district court. In these circumstances we are obviously restricted on this appeal to the errors assigned by the appellant.

It follows from what has been said that the decision of the district court must be and it is modified so as to disallow interest upon the items allowed to Siri Korsmo for rent of the homestead property and as so modified the decision of the district court is in all things affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.