[File No. 5893.]

IN THE MATTER OF THE ESTATE OF ANTHONY JAMES DRUHL, et al., Minors, John H. Lewis, Guardian of Anthony James Druhl, et al., Appellant and Respondent, v. ANTHONY JAMES DRUHL, et al., Minors, R. J. Doebler, Special Guardian of Said Minors, et al., Respondents and Appellants.

(237 N. W. 697.)

(Opinion filed July 6, 1931.)

*John H. Lewis,* for appellant-respondent.

*L. J. Palda, Jr., C. E. Brace* and *Robert W. Palda,* for respondents-appellants.

BURKE, J.   This is an appeal from a judgment of the district court of Ward county, granting an application to sell real estate.   The action was brought in the county court on the petition of J. H. Lewis, guardian of Anthony James Druhl, Maurice Druhl and Virgie Druhl.

Amiel Druhl, father of said minor wards, died intestate leaving a home which he and his family occupied as a homestead before his death, and which is described as follows:   "Lot 1, Block 4, Lee & Jacobson's

Addition to the City of Minot." The appraisers appointed by the county court appraised the said property at $3,000 and it was decreed by the county court to Perle May Druhl, widow of the said Amiel Druhl, as a homestead. Perle May Druhl remarried, moved with her husband and children to the state of Oregon in August, 1928, and is now known as Perle May Levine. The house on the said premises is in the flood district of Minot and has suffered in the last two floods, part of the walls fell in and considerable plaster was knocked off. It is depreciating in value rapidly and, unless expensive repairs are made, the value of such property will constantly decrease, and it is for the best interest of the minors and the estate that the property be sold.

All of the facts in the petition for the sale of the property are stipulated by the parties. The judge of the county court found the facts as alleged in the petition, and ordered a sale of the said real estate, the proceeds thereof to be invested by the guardian for the benefit of the said wards until the youngest becomes of age, at which time two-thirds of the proceeds are to be paid to the said wards and one-third to Perle May Levine. From this order all the parties appealed to the district court wherein the findings of fact, conclusions of law of the judge of the county court were in all things affirmed, and from a judgment entered in the district court all the parties appeal to this court.

The questions of law involved are, first, has the court the power to authorize the sale of the real estate involved; and second, what disposition must be made of the proceeds of the sale?

Perle May Levine filed a statement in substance, that she is willing to convey her interest in the property to a purchaser at private or public sale so as to convey whatever interest she has in the property, provided, her rights in the proceeds are protected.

All the parties to the action believe that it is to the best interest of the estate to have the property sold, but differ on the question of the disposition of the proceeds.

According to the statement of facts the property involved was a homestead at the time of the death of Amiel Druhl, husband of Perle May Druhl, now Mrs. Levine, and father of the children; that probate proceedings were started to administer the estate of Amiel Druhl, and the homestead was set aside to the said Perle May Druhl who resided on the homestead with her children until about August, 1928,

when she remarried and with the consent of the guardian of said children, took them all with her to the state of Oregon.

In the case of Cullen v. Sullivan, 51 N. D. 384, 199 N. W. 760, this court said: "There is a clear distinction between the 'homestead' and the 'homestead estate.' The homestead consists of a dwelling house in which the homestead claimant resides. . . . The 'homestead estate' is merely 'the right to possession, use, control, income and rents of the real property held and occupied by the decedent as a homestead at death.' . . . In case a homestead estate is set off to a surviving wife or husband, she or he, as the case may be, may continue to possess and occupy the whole of the real property subject to such homestead estate, for life. This 'homestead estate,' that is, the right of possession is separate and distinct from, and not affected by, the right to take the real property, subject to such estate, either as heir or under a will. Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684. 'The real property subjected to such homestead estate' descends 'exempt from decedent's debts except as provided in. § 5607,' and is to be 'distributed in the same manner as real property not subjected to a homestead estate, or as directed in the decedent's will.'" The surviving husband or wife may continue to occupy it for life, and since the right of possession is separate and distinct from, and does not affect the right to take real property subject to such estate, it follows, that the right to take the property under the law of distribution is not affected by the homestead estate when the property ceases to be a homestead. It then descends to the surviving husband or wife and decedent's heirs in a direct descending line and is distributed in the same manner as real property not subject to a homestead estate.

Section 5627, Comp. Laws 1913, provides: "Upon the death of a person in whom the title of real property constituting a homestead as defined in this chapter is vested a homestead estate in such real property shall survive, descend and be distributed to the persons and in the order following:

"1. To the surviving husband or wife for life; or

"2. There being no surviving husband or wife, to decedent's minor child or children until the youngest obtains majority; or

"3. The surviving husband or wife dying before, then thereafter

to the decedent's minor child or children until the youngest attains majority."

Under this section it descends to the children, first, when there is no surviving husband or wife, and second, if there is a surviving husband or wife who dies before the children become of age.

In the instant case there was a surviving wife who subsequently marrried and left the state with the childen, the condition which would entitle the children to a homestead estate never arose, and therefore, when Mrs. Levine married and left the state the property was no longer a homestead estate, and that question is no longer in the case.

Under subdivision 1, § 5743, Comp. Laws 1913 (the law of succession), "If the decedent leaves a surviving husband or wife, and more than one child living, . . . one-third to the surviving husband or wife and the remainder in equal shares to his children."

In the instant case, this property descends one-third to Mrs. Levine and two-thirds to the children.

Under § 111 of the Constitution, "The county court shall have exclusive original jurisdiction in . . . the sale of lands by executors, administrators and guardians."

Under §§ 8900 to 8907, Comp. Laws 1913, inclusive, the county court may, "if after a full examination it appears necessary or for the benefit of the ward that his real estate or some part thereof should be sold, the court may make a decree directing such sale either at public or private sale."

It appears in the record that all of the parties interested were in court, all agreeing that it was for the best interest of all of the parties that the real estate should be sold to prevent further decrease in its value. It is therefore ordered that the case be remanded to the district court with instructions to remand the same to the county court for the sale of said real estate and the distribution of its proceeds as provided by law.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.