BARTOLD *v.* LEWANDOWSKA.

1. HOMESTEAD—NOTICE BY OCCUPANCY.

A judgment debtor's occupancy of property as a home is notice to all of homestead right and exemptions (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608).

2. SAME—CONSTRUCTION OF STATUTES—CONSTITUTIONAL LAW.

Constitutional and statutory provisions relative to homesteads should be construed in behalf of the owners with extreme liberality (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608).

3. SAME—PUBLIC POLICY.

The homestead right is a valuable one which is secured to the debtor for substantial reasons of public policy, as well as of individual and family benefit (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608).

4. SAME—SCOPE—VALUE—MORTGAGES.

The homestead interest in a parcel of real estate extends to the entire premises in question and in determining whether the value of a claimed homestead exceeds the $1,500 exemption, any mortgage incumbrance thereon must be deducted (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608).

5. SAME—INCIDENTAL INCOME—APARTMENTS—RENT—RECEIVERS.

Incidental income from two apartments rented to others by judgment debtor of three-apartment building otherwise occupied and claimed by her as homestead and in which she had an interest valued at less than the constitutional and statutory homestead exemption is not subject to appropriation by receiver appointed pursuant to judgment creditor's petition since such appropriation is, in effect, tantamount to a final process from which the homestead is exempt (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608).

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 6, 1943. (Docket No. 34, Calendar No. 42,223.)   Decided February 23, 1943.

Judgment creditor's bill by Victor Bartold and Mary Bartold, his wife, against Zofia Lewandowska, survivor of herself and John Lewandowska, for appointment of a receiver and for other relief. From denial of motion to vacate order appointing receiver, defendant appeals. Reversed and motion vacated.

*Stanley F. Kaczor,* for plaintiff.

*Isaac M. Smullin,* for defendant.

NORTH, J.   Plaintiffs recovered a judgment for $689.95 and costs in an action of assumpsit in the common pleas court in Detroit, Michigan, against Zofia Lewandowska, survivor of herself and her husband John Lewandowska.   Judgment was not satisfied and was certified to the circuit court for Wayne county.   Plaintiffs obtained execution which was returned by the sheriff unsatisfied.   Thereafter a judgment creditor's bill was filed and an order to show cause why a receiver should not be appointed was issued.   On hearing of the order to show cause, July 7, 1942, one Dan N. Simonds was appointed receiver.   July 27, 1942, defendant made a motion to vacate the order appointing the receiver.   This motion was supported by an affidavit in which defendant showed she owned only the property at 5762 St. Aubin street in Detroit, which she occupied as her homestead and that her interest in this property was less than $1,500.   Motion to vacate was denied.   Defendant has appealed.

The property at 5762 St. Aubin street, in Detroit, is a three-family flat, one flat being occupied by the defendant as her home and the other two flats being occupied by tenants.   The tenants each pay $15 per month as rental.   The receiver was appointed to collect this $30 per month and therefrom

to make payments on an existing mortgage, pay water taxes and other expenses for the maintenance of the property, and (while the order does not so provide) presumably to apply any balance under the court's order on plaintiffs' judgment.

The defendant's occupancy of the property is notice to all of her homestead rights and exemptions: Counsel for both parties recognize this. The question presented may be stated as follows—Are the rents from two portions of a three-family flat exempt from execution or a receivership when the third portion is occupied by one claiming homestead rights and exemptions guaranteed by the State Constitution and the statutes and the value of the homesteader's interest is not in excess of $1,500?

From earliest times it has been held in this jurisdiction that the constitutional and statutory provisions (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608 [Stat. Ann. § 27.1572]), relative to homesteads should be construed in behalf of the owners with extreme liberality. In *Corey* v. *Waldo*, 126 Mich. 706, we said:

"This constitutional provision and the statutory enactment have frequently been construed by this court. In *Barber* v. *Rorabeck*, 36 Mich. 399 (Justice Cooley speaking for the court), it was said provisions exempting a homestead from execution are to be liberally construed, especially where the exemption is restricted within limits so very moderate as those prescribed in this State."

And in writing the opinion in the case of *Barber* v. *Rorabeck, supra,* Justice Cooley, speaking of the homestead right, said: "It is certainly a valuable right, which has been secured to the debtor for substantial reasons of public policy, as well as of in-

dividual and family benefit." Our holdings of like character will be found in *Schumann* v. *Davis,* 215 Mich. 19; *Fitzsimons* v. *Kane,* 245 Mich. 246.; and *Kleinert* v. *Lefkowitz,* 271 Mich. 79.

We have recently held, citing earlier cases, that one may have a homestead interest in property of the character involved in the instant case, and that to the value of $1,500 such interest extends "to the entire premises in question." *Fox* v. *Brannan,* 292 Mich. 126 (128 A. L. R. 1424). And in determining whether the value of a claimed homestead exceeds $1,500 any mortgage encumbrance thereon must be deducted. *Palmer* v. *Bray,* 136 Mich. 85, and cases cited.

The homestead exemption afforded by both constitutional and statutory provisions would be largely impaired, if not nullified, if the homesteader was not protected in the full enjoyment and use of his homestead. Incidental income, such as room rent or rentals of an included apartment, are appurtenant to the homestead. In the instant case, by the appointment of the receiver, appellant is deprived of the right to rent a portion of her homestead; and in effect her right to sell her homestead pending the receivership is practically destroyed.

"We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt, not only the homestead and its use, but also crops or money which he may derive from its use while the property continues to be his homestead. * * * To hold that the owner of a homestead can only hold as exempt such proceeds of its use as the industry of himself or family has produced would be in many cases to deny the benefits of such exemption entirely. Take the case of an owner who cannot, from any cause, cultivate the

homestead garden or 40 acres, there is no good reason why he may not rent them to another, and hold the proceeds exempt for the use of his family. This case furnishes another apt illustration; also the case of one having spare room in the homestead, who takes lodgers, or one who, having no use for a stable on the homestead premises, rents it to another. We are clearly of the opinion that proceeds derived from the use of the homestead while it remains such are exempt to the head of a family." *Morgan & Hunter* v. *Rountree,* 88 Iowa, 249, 253 (45 Am. St. Rep. 234).

See, also, 26 Am. Jur. pp. 30 and 31.

In appellees' brief it is urged that notwithstanding defendant's homestead interest may not be reached by any proceeding in law or in equity for the purpose of satisfying their judgment against defendant, still appellees may resort to a receivership "for the purpose of reaching equitable or nonexecutionable assets of the debtor." As applied to the instant case, this contention is not tenable. Homestead rights do not hang on so slender a thread. This is the clear intent of our statute applicable to homestead exemptions which in part provides that property so exempted "shall not be subject to forced sale on execution, or *any other final process from a court.*" The court's order authorizing the receiver to appropriate the rental income from defendant's homestead is, to say the least, tantamount to a "final process." It is in violation of defendant's homestead rights, and cannot be sustained.

The order appointing the receiver is vacated. Appellant will have costs of this court. Case remanded.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.