In re Wayne L. **PATTEN** and Doris J. Patten, Debtors.

Bankruptcy No. 86–05756.

United States Bankruptcy Court, D. North Dakota.

March 18, 1987.

Phillip D. Armstrong, Minot, N.D., for trustee. Max D. Rosenberg, Bismarck, N.D., for debtors.

William Westphal, Minneapolis, Minn., U.S. Trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on the trustee's objection to the debtors' claim of exemption.

In a Chapter 7 petition filed September 2, 1986, the debtors' claim an absolute exemption in Lot 3, Block 8, Original Townsite, Minot, North Dakota. The exemption is claimed under North Dakota Century Code § 28–22–02(7) which accords the head of a family an absolute exemption in the homestead as created and defined by law.

1.

The parties have stipulated to the facts which may be summarized as follows:

The debtors filed their Chapter 7 petition on September 2, 1986, and pursuant to N.D. Cent. Code § 28–22–02(7) claim an absolute homestead exemption in Lot 3, Block 8, Original Townsite, Minot, North Dakota. Erected upon Lot 3 is a two-story building. The second floor consists of two apartments, with apartment A occupied by the debtors as their residence, and apart-

ment B being rented out to tennants. The main floor of the building is rented out to a business tennant who operates an interior decorating business. The basement is also rented to a business tennant. It is conceded by the parties that the debtors' equity in the property is less than $80,000.00.

2.

The trustee argues that the debtors' homestead claim must be restricted to apartment A which comprises that portion of the building actually occupied by them as a residence.

The term "homestead" is not statutorily defined. Section 47–18–01 of the North Dakota Century Code provides as follows:

> The homestead of any person, whether married or unmarried, residing in this state shall consist of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed $80,000.00 in value, over and above liens or encumbrances or both. The homestead shall be exempt from judgment lien and from execution or forced sale, except as otherwise provided in this chapter. In no case shall the homestead embrace different lots or tracts of land unless they are contiguous.

The foregoing section is not definitive of the term homestead but only limits it in terms of value. It merely refers to the homestead as consisting of the land upon which the claimant resides, the house upon such land together with all appurtenances and improvements without restriction so long as the land is comprised of contiguous tracts and the value claimed does not exceed $80,000.00 exclusive of liens and encumbrances. The homestead laws of North Dakota have never defined what kind of a house it must be or what type of buildings may comprise the appurtenances and improvements. *Calmer v. Calmer*, 15 N.D. 120, 106 N.W. 684 1906); *Cullen v. Sullivan*, 51 N.D. 384, 199 N.W. 760 (1924). Section 47–18–01 of the North Dakota Century Code is thus different in its approach

than those statutes which limit the homestead to the actual residence. Article X, section 4 of the Florida Constitution restricts a homestead located in a municipality to "one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family". This language has been construed as restricting the homestead to the apartment unit in which the owner of a fourplex resides and not to the three units which are rented out. *Matter of Aliotta*, 68 B.R. 281, 282 (M.D.Fla.1986). Directly on point is the North Dakota case of *In re Teiten's Estate*, 63 N.D. 729, 249 N.W. 913 (1933) which involved a homestead claim to three adjacent city lots all owned by the claimant. On Lot 11 was situated a two-story building, the first story occupied by a tenant who conducted a general merchandise business, the second story of the building was occupied by the claimant as a family residence. Connected to the two-story building was a shed which ran onto Lot 10 where it connected with another building also rented to a business tennant. Situated on adjacent Lot 12 was another building from which the claimant conducted an undertaking business. The Supreme Court, reflecting upon the homestead law then in effect, noted that the only restriction was that it not exceed two acres nor exceed $8,000.00 if situated within a town plat. Given the nature of the improvements on Lots 10, 11 and 12, the court noted the buildings were all part of one establishment, the property as a whole was less than two acres, the lots were contiguous and worth less than $8,000.00 as a whole. The claimant was allowed a homestead exemption in the entire three lots. *In re Teiten's* is the most recent North Dakota decision on point but the courts in Minnesota and Michigan have reached similar conclusions in more recent cases. In *O'Brien v. Johnson*, 275 Minn. 305, 148 N.W.2d 357 (1967) the Minnesota Supreme Court held that the fact that a part of real property claimed as a homestead consists of income producing property does not affect its exempt status so long as it does not exceed in area the amount permitted by the homestead statute. The Michigan Supreme Court held that the dollar value of a homestead may extend to the entire three apartment premises, even though only one unit was used by the owner as a residence. *Bartold v. Lewandowska*, 304 Mich. 450, 8 N.W.2d 133 (1943).

The homestead laws of this state have traditionally been accorded a liberal construction. It seems clear from section 47–18–01 and the case law that a debtor in North Dakota is entitled to claim a homestead in any land upon which he resides including any structures erected thereon regardless of use or occupancy, so long as the amount claimed does not exceed $80,000.00 over and above liens and encumbrances and so long as the land, if comprised of different tracts, is contiguous. Accordingly, the debtors, Wayne L. Patten and Doris J. Patten, are entitled to claim a homestead exemption in all of Lot 3, Block 8, Original Townsite, Minot, North Dakota, to the extent of $80,000.00 in value. The trustee's objection to the claim is DENIED.

SO ORDERED.