JENNIE B. WARDELL v. JAMES W. WARDELL, ADMINIS-
TRATOR.

FILED MAY 5, 1904. No. 13,413.

1. **Equity.** Equity has jurisdiction to supply the omissions and de-
fects of legal procedure, when necessary to accomplish the ends
of the law and to the due administration of justice.

2. **Decedent's Estate: HOMESTEAD: SALE.** When a husband dies, the
owner of a tract of land selected and occupied by himself and
family as a homestead, but which exceeds the value of $2,000, and
which is so situated that the dwelling house and the grounds
upon which it stands, to the value of the homestead exemption,
can not be set apart from the residue of the tract, the district
court has jurisdiction, in equity, upon application of the adminis-
trator, to decree the sale of the whole tract for the payment of
the debts of the deceased, and to direct that, of the proceeds of
the sale, $2,000 shall be invested at interest during the life of the
widow, the interest and income thereof to be paid to her for her
own use until her death, and, upon the happening of that event,
the principal to descend as in case of other such exemptions.

3. ——: ——. A homestead exemption is by the law of this state
limited to the value of $2,000, and if, upon the death of a hus-
band, the dwelling and the tract of land adjacent thereto, selected
from his estate and occupied by himself and family as a home-
stead, exceeds that value and are so situated that the dwelling
together with the grounds upon which it stands, and not exceed-
ing that value, can not be set apart from the residue of the tract,

no legal estate in the land, or in any part of it, passes to the widow and heirs under the homestead act, but in lieu thereof an equitable interest to the value of $2,000 in the entire tract does pass to them thereunder.

ERROR to the district court for Washington county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*E. C. Jackson* and *Clark O'Hanlon,* for plaintiff in error.

*Walton & Mummert, contra.*

AMES, C.

It is not requisite to an understanding of the sole question of importance litigated in this case that the facts shall be set forth in detail. The circumstances essential to that purpose are the following: One George Wardell died the owner of an equitable estate in 120 acres of land of the value, including that of a dwelling house and buildings thereon, of which he and his family were in occupancy as a homestead, of about $14,000. The defendant, James W. Wardell, was appointed administrator of the estate of the deceased, and, after having exhausted all other means for the payment of debts approved and allowed against the latter, applied to the district court for a decree authorizing him to sell the homestead and apply the proceeds to the payment of a remainder of them. In this proceeding the widow intervened, and prayed that her homestead estate in the premises be protected. Upon a trial, it was found that the value of the dwelling house alone was $3,000, and of the buildings appurtenant to it $3,500, and of the equitable title to the lands $7,200; and that the premises were not susceptible of division or partition so as to permit the dwelling house, and the grounds upon which it was erected, together of a value not exceeding $2,000, to be set apart as a homestead exemption. The court thereupon decreed a sale of the entire tract, and the investment of $2,000 of the proceeds thereof at interest during the life of the widow; she to receive the

interest and income thereof to her own use until her death, and, upon the happening of that event, the principal to descend to the heirs at law of the decedent, as in the case of other such exemptions.

From this decree, the widow prosecutes error to this court, alleging it to be unauthorized by law. Her contentions are that the provisions of the statute for appraising and setting apart of the homestead during the lifetime of the person from whose estate it was selected (in this instance the husband), or the sale of it, in instances in which it is not susceptible of division, and the setting apart of $2,000 of the proceeds of the sale, are not applicable after his death, and that hence the statutory restriction as to the value of the exempt property ceases with that event, and that therefrom the entire premises occupied as a homestead, to the whole extent of the territorial limits prescribed by statute, acquire the character of exemption regardless of values. Counsel thus attempt to found a title to real property upon the absence or defect of expressly prescribed legal procedure for attacking the person in possession. It was largely for the purpose of supplying such omissions in legal machinery, and preventing them from becoming the means or occasion of injustice, that courts of equity were instituted. We entertain no doubt that, for this reason alone, if for no other, the present circumstances call for the beneficial exercise of the jurisdiction of a court of chancery. This being so, the court properly adopted such methods of practice and procedure as are customary with it, and were adapted to the situation and to the accomplishment of the desired end, and committed no error in omitting to appoint appraisers as though the proceeding had been pursuant to the statute; it not being made to appear that any error in valuation resulted in such omission. The contention that equity was without jurisdiction because the claims had not been reduced to judgment in the lifetime of the debtor, we can not think to have been seriously made. The nearest possible approach thereto had been attained

by the proof and allowance of them before the probate court.

Counsel for plaintiff in error lay much stress upon the proposition, often reiterated by this court, that, upon the death of a married person from whose lands a homestead was selected, an estate for life therein vests in the surviving spouse, leaving an unincumbered reversion in fee in the heirs of the deceased, also vested. Hence, they say, such estate in an entire tract not exceeding 160 acres, however valuable,. having passed in this manner, free from general or special liens created in the lifetime of the decedent, the law having prescribed no condition subsequent upon which it may divest, the land ceased to be a part of the estate of the latter or liable for debts contracted by him.

We think this reasoning is at fault in overlooking the fact that that which constitutes the homestead, and that alone, therefore, which passes to the surviving spouse, in cases of this kind, is not necessarily any defined tract of land, but only so much of a definable tract, if any, as, including the dwelling house and appurtenances, shall not exceed $2,000 in value; and, inasmuch as the homestead exemption is rigidly limited to that value, if there be no describable tract, including the buildings, the value of which falls within that sum, there is no property answering to the statutory definition of a homestead; and, if the statute were to be literally adhered to, nothing would pass under it to the survivor or to the heirs. So literal an interpretation of the statute as is contended for by counsel would, in our opinion, deprive the widow of all interest other than dower in the premises in question, and devote the entire property to the payment of the debts of her late husband. Such an outcome would obviously defeat the benevolent and plain intent of the legislature, however inadequately expressed; and, the statute being remedial in character, we think a court of equity is justified in holding that, although, under the circumstances, no legal estate in the land or any of it can pass under the

act, yet, an equitable interest therein of the value of $2,000 does so pass, and that the court will protect it in case it becomes necessary to appropriate the tract to the payment of the debts of the deceased.

We discover no error in the record, and recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.