(106 N. W. 563.)

---

CORA L. CALMER V. HENRY L. CALMER, ET AL.

Opinion filed January 30, 1906.

**Homestead — Exemption — Definition of Same.**

1. Section 3605, Rev. Codes 1899, is not to be construed as a definition of the term "homestead," but as a definition and limitation of the homestead exemption.

**Same — Rights of Widow and Children.**

2. The surviving widow or minor children are entitled to a homestead estate to the extent prescribed by the statute in the property owned and occupied by the decedent at the time of his death as a family home, although the homestead exceeds in value the statutory limits of the homestead exemption.

**Same — Surviving Husband or Wife and Children May Hold Title, Although Value Exceeds Statutory Limit.**

3. Where the homestead is indivisible without material injury the surviving husband or wife or minor children, as the case may be, are entitled as against the heirs or devisees, to hold the entire premises as a homestead estate, even though the property exceeds $5,000 in value.

**Same — Excess Applied to Debts After Other Assets Are Exhausted.**

4. To the extent that such indivisible homestead exceeds $5,000 in value it may be subjected to the payment of the debts of the deceased, but not until all other available assets of the estate are exhausted.

**Same — Value — Deduction of Liens.**

5. In determining the value of the homestead for the purpose of ascertaining and selecting therefrom the homestead exemption or estate, the amount of existing mortgages or liens thereon cannot be deducted from the value of the property.

**Same — Decree Assigning Homestead Must Show the Excess Value.**

6. When a homestead estate is decreed by the county court in a homestead which exceeds $5,000 in value, and is indivisible, the decree should show the amount of the excess in value and the fact that the property is indivisible.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Cora L. Calmer against Henry E. Calmer, and others. Judgment for plaintiff and defendants appeal.

Modified.

*Lewis T. Hamilton and Newman, Holt & Frame,* for appellant.

Homestead must possess all the requirements prescribed by the Code. Cosebolt v. Donaldson, 67 Mo. 308; Helfenstein v. Cave, 3 Iowa, 290; Zoellner v. Zoellner, 19 N. W. 556; Beecher v. Baldy, 7 Mich. 500.

Value is one of the requirements. Beecher v. Baldy, supra.

The value is of the fee, not the owner's equity therein. Yates v. McKibbin et al., 23 N. W. 752; In re Noah, 15 Pac. 290; Brown v. Starr et al., 21 Pac. 973; Franks v. Lucas, 77 Ky. 395; Arnolds v. Jones, 77 Tenn. 545; Kinkaid v. Burem, 77 Tenn. 553; Herdman v. Cooper, 29 Ill. App. 589; Miles v. Hall, 75 Ky. 105; Morris v. Moulton, 34 N. H. 392; McCanna v. Anderson, 6 N. D. 487.

If the value exceeds the limit fixed by statute there is no homestead. Zoellner v. Zoellner, supra; Beecher v. Baldy, supra; Estate of Delaney, 37 Cal. 176; Farley v. Whitehead, 63 Ala. 295; Pazello v. Campbell, 46 Ala. 40; Miller v. Andrews, 45 Ala. 454; Miller v. Marx, 55 Ala. 322; Garner v. Bond, 61 Ala. 84; Wardell v. Wardell, 99 N. W. 674.

Homestead cannot be sold and the value of the exemption paid to the widow, and balance applied to debts. Noah's estate, 15 Pac. 290; Helfenstein v. Cave, 3 Iowa, 287; Zoellner v. Zoellner, supra; Casebolt v Donaldson, 67 Mo. 308; Wright v. Westheimer, 28

Pac. 430; In re Isaacs, 30 Cal. 106; Schuyler v. Broughton, 76 Cal. 524.

*T. H. McEnroe,* for respondent.

The exemption is not determined from the value of the fee simple title, but of the claimant's interest in the premises. Sanford v. Anderson et al., 92 N. W. 152; Rawles v. Reichenbach et al., 90 N. W. 943; Joslin et al. v. Williams, 93 N. W. 701.

Homestead may be claimed in land held under equitable as well as legal title. 15 Am. & Eng. Enc. Law (2d Ed.) 607, 608.

Value and extent are not considered in determining what is the homestead. 15 Am. & Eng. Enc. Law (2d Ed.) 602, 603; Gregg v. Bostwick, 91 Am. Dec. 637, 644.

County court may set aside a homestead, whether its value exceeds $5,000 or not. McElroy v. Bixby, 84 Am. Dec. 684; Wardell v. Wardell, supra; Burns et al. v. Keas et al., 21 Iowa, 257.

ENGERUD, J. This is an appeal from a judgment of the district court affirming a decree of the county court setting apart to the respondent her homestead and personal property exemptions out of the estate of Charles J. Calmer, deceased. The appellants are the two sons of said deceased. The respondent is the widow.

The facts are undisputel. Charles J. Calmer died intestate April 9, 1904, leaving surviving him a widow and three children; two sons and a daughter. The two sons are now over 21 years of age, the younger having attained his majority in December, 1905, after this appeal was heard. The daughter is about three years old. The deceased died seised in fee of the real property in question. He had owned it, and occupied it as a family residence for several years, and he and his family were residing thereon at the time of his death. The property consisted of a lot in the city of Fargo less than two acres in area, upon which there was a two-story brick building; the upper of story of which was used as the family dwelling, and the lower as a store. The building was mainly used as a family residence; its use in part as a place of business was only incidental. The property is worth $7,000, is mortgaged for about $2,800, and cannot be divided without material injury. The appellants assert that under these circumstances the widow has no homestead estate in the premises. The respondent contends that the entire premises are unconditionally exempt to her as a homestead, because, for the purpose of determining the value of the

property claimed as a homestead the amount of existing incumbrances thereon should be deducted from the value of the land and buildings thereon.

We shall take up appellant's proposition first, as that presents the question whether the respondent has a homestead right in the premises in question. The state Constitution directs that (section 208): "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law. This section shall not be construed to prevent liens against the homestead for labor done and materials furished in the improvement thereof, in such manner as may be prescribed by law." Previous to 1891, the homestead was limited as to area but not as to value. Comp. Laws 1887, section 2449, et seq. The present law with relation to the exemption and descent of the homestead is found in chapter 39 of the Civil Code. Sections 3605-3638, Revised Codes, 1899. Section 3605, Rev. Codes 1899, provides: "The homestead of every head of a family residing in this state, not exceeding in value five thousand dollars, and if within a town plat, not exceeding two acres in extent, and if not within a town plat, not exceeding in the aggregate more than one hundred and sixty acres, and consisting of a dwelling house in which the homestead claimant resides, and all its appurtenances and the land on which the same is situated shall be exempt from judgment lien and from execution or forced sale except as provided in this chapter." Subsequent sections (3610-3618) prescribe the method of determining the value of the homestead and the procedure by an execution creditor who has levied thereon and desires to reach the nonexempt part of the property, in case "the value of the homestead exceeds the amount of the homestead exemption." Section 3611, Rev. Codes 1899. These sections, among other things, in substance provide that if the value of the property claimed as a homestead exceeds $5,000, and cannot be divided without material injury, the whole shall be offered for sale, and if it can be sold for more than $5,000, then that said sum shall be paid to the homestead claimant, and the remainder of the proceeds of the sale may be applied on the execution. Sections 3626-3631 relate to the disposition of the homestead after the owner's death. Upon the

death of a person holding the title to real property constituting a homestead "a homestead estate in such property" shall survive, descend, and be distributed to the surviving husband or wife for life; and if he or she dies before the youngest minor child attains its majority the same estate continues for the benefit of the children during its or their minority. If there is no surviving husband or wife, the homestead estate vests at once in the minor child or children until the youngest child attains its majority. Section 3627 defines the term "homestead estate" to mean "the right to the possession, use, control, income and rents of the real property held or occupied by the decedent as a homestead at death." The county court is required to ascertain and award the homestead estate to the persons entitled thereto after the owner's death. Section 3628 provides: "If a homestead in such real property had been ascertained and set off to such decedent before death as provided in this chapter the homestead estate provided for in section 3626 shall be commensurate therewith and must not be again ascertained; but if such homestead had not been so ascertained and set off, the county court must ascertain in the manner provided in the Probate Code and set off and decree the homestead estate to the surviving husband or wife, or minor child or children, as the case may be; provided, however, that the real property which is subjected to the homestead estate by the county court and in which such estate is ascertained and set off by such court must not exceed in value or area the value or area prescribed in section 3605." Section 3629 prescribes the form and contents of the decree of the county court setting off the homestead estate. Section 3630 provides, in substance, that the "real property subjected to the homestead estate" shall, "subject to the satisfaction of such estate," descend to the heirs or devisees exempt from the decedent's debts, except those enumerated in section 3607. If there are no heirs in the direct descending line then the property is subject to the claims of general creditors after the satisfaction of the homestead estate. The procedure for ascertaining and setting off the homestead estate in county court is further described in article 3, c. 6, of the Probate Code. Rev. Codes 1899, section 6389, et seq.

In cases where the homestead property can be divided without material injury, and exceeds the amount exempted in area or value, the exempt part is set off by metes and bounds in substantially the same manner as that prescribed in case of an execution

levy in the lifetime of the decedent. Section 6390. If, however, the property cannot be divided without material injury, the appraisers are required to report that fact to the court, and thereupon the court proceeds as provided in section 6392, which will be hereinafter referred to. It is apparent from the foregoing statutory provisions that a "homestead estate" can attach only to such property as constituted the decedent's homestead at the time of his death. If the deceased had no homestead, there is nothing in which to decree a homestead estate for his widow. Appellant asserts that Charles J. Calmer, in his lifetime, had no homestead, because the real property occupied as a home by him and his family did not possess all the requirements perscribed by the statute to constitute a homestead. Counsel insists that section 3605 is a definition of the word "homestead," and that the limitation as to value and area fixed in that section are descriptive features of the thing which is termed a homestead. Hence, he argues that the property in question was not a homestead, because, with respect to value, it does not come within the statutory definition. This argument is unsound for two very plain reasons: First, such a construction of section 3605 would cause it to be in conflict with section 208 of the Constitution; second, that interpretation would render the section inconsistent with subsequent sections of the chapter of which it forms a part, and would defeat the legislative intent. Section 208 of the Constitution was designed to "guaranty to every resident head of a family in this state an exemption of a homestead." Roesler v. Taylor, 3 N. D. 546, 548, 58 N. W. 342. The legislature is required to limit the value of this homestead exemption.

It is plain that the homestead referred to in the Constitution means the real property in or upon which the home is located, and which is devoted to a use appropriate and usual to a home place. It may be a small lot and building in town or a section or more of farm land with its buildings and it includes a palace as well as a hovel. Gregg v. Bostwick, 33 Cal. 220, 91 Am. Dec. 637; Ferguson v. Kumler, 27 Minn. 156, 6 N. W. 618. The Constitution guarantees to every head of a family a homestead exemption, but requires the legislature to limit the amount of this exemption as to value. It is self-evident that the legislature cannot change the meaning of the constitutional guaranty, neither can it deprive the head of a family of the right to a homestead

exemption, yet this is what we would convict the legislature of attempting to do if we were to adopt appellant's construction of section 3605. According to this construction there is no homestead out of which the head of a family could demand the exemption guaranteed to him by the Constitution, unless the property constituting the home place did not exceed in area or value the limitations fixed by the statute. Such was not the intention of the legislature. Chapter 39 of the Civil Code, which deals with the homestead right, is merely a revision of chapter 67, page 185, Laws 1891. The law of 1891 was a revision or amendment of the law relating to homesteads found in chapter 23 of the Territorial Political Code. Comp. Laws 1887, section 2449 et seq. The territorial law limited the area of the homestead exemption, but not its value. The revision and amendment of 1891 was therefore necessary, and evidently the main reason for that enactment was to comply with the constitutional mandate to fix a limit of value on the homestead exemption. Section 3605 must therefore be construed, not as an attempt to define the meaning of the word homestead, but as an act recognizing the right to a homestead exemption and fixing the amount in area and value of the homestead property which could be held exempt. That such is the meaning of the section is very clear from those subsequent sections of the same act which prescribe the procedure to be followed in order to ascertain and set off to the debtor's family the homestead exemption, or its equivalent in case the homestead property exceeds the statutory limits in value or area. Even when the property, as in this case, is incapable of division, and the exemption cannot be carved out of the property itself, the statute provides in case of an execution that the cash value of the exemption shall be paid to the debtor. We hold, therefore, that this property constituted the homestead of the deceased.

Appellant, however, further contends that even though the property was subject to the exemption right in the lifetime of the deceased, yet no homestead estate can be awarded therein to the surviving family under the circumstances of this case. This argument proceeds on the theory that the homestead estate is a creature of the statute, and unless the statute has provided the means and procedure for ascertaining and awarding it, the rights thereto does not exist. In other words, reversing the maxim, counsel insists that where there is no remedy there is no right.

The fallacy of the argument lies in the assumption that a statutory right can only be enforced by a statutory remedy. There are many instances where either the nature of the right or the language of the statute giving the right or the remedy are such that the right does not exist where the statutory remedy is not available. This, however, is not such a case. The homestead exemption is primarily for the benefit of the householder's family. The intent of the law to continue the exemption for the benefit of the surviving family after the death of the owner of the homestead is too clear for question. Fore v. Fore, 2 N. D. 261, 50 N. W. 712. The exemption right is not only continued after the death of the family head, but is enlarged so as to possess all the attributes of an estate in the property for the benefit of the widow or minor children superior, not only to the rights of the creditors, but also to the rights of the legal heirs or devisees. The legislature, it is true, has not provided any specific method of procedure by which to adjust the respective rights of the widow, and the creditors of the decedent's estate in case such adjustment becomes necessary. Where the right is clear, however, it will not fail for want of a remedy. If the legislature has failed to provide a remedy the courts will invent one. Wardell v. Wardell (Neb.) 99 N. W. 674. Even if there were no way in which to preserve the homestead estate to the family in case creditors should become entitled to resort thereto, that fact would be of no avail to these appellants in the present proceeding for reasons hereinafter stated. The respondent clearly has a homestead estate in the property, and the court must determine the extent of the right. The respondent has a homestead estate to the extent of $5,000 in value in this property, and the excess is subject to the demands of creditors if the general assets of the estate are insufficient to satisfy their claims. Section 6392, Rev. Codes of 1899. This brings us to the consideration of the respondent's proposition.

As to area, the property is within the prescribed limit and the question is, whether it exceeds the limit as to value. The respondent contends, and the county and district courts held, that in determining the value for the purpose of ascertaining the extent of the exemption right the amount of the incumbrances should be deducted from the value of the land with the buildings and improvements thereon. Acting on this theory the entire premises were unconditionally set off to the respondent as her

homestead, because, after deducting the amount of existing incumbrances, the value of the homestead was less than $5,000. That view has the support of the Supreme Court of Nebraska. Hoy v. Anderson, 39 Neb. 386, 58 N. W. 125, 42 Am. St. Rep. 591, and subsequent cases in that state. We think that view is erroneous. A mortgage or other lien upon the property does not diminish the value either of the property itself or of the homestead claimant's estate therein. The occupant's estate in the property is not diminished by a lien or mortgage. His estate remains as before, and the mortgage or lien merely gives the creditor so secured a right to collect the debt out of the debtor's estate in the land if the debt is not otherwise discharged. If the deceased was personally liable for the debt secured on the homestead, the creditor has the right to demand payment out of the general assets. The heirs, having an interest in the mortgaged property subject to the homestead estate have the right, and might find it necessary, to pay the mortgage in order to prevent the extinguishment of their rights by a foreclosure. If either event should happen in a case where the property could be divided without material injury, the result would be that, notwithstanding the divisibility of the property, the whole of it would be exempt regardless of value. The language of the statute does not permit such a construction. The statute exempts the land not exceeding a specified area and value, if it constitutes a homestead. In a controversy as to the value between the homestead claimant and an execution creditor, the appraisers are directed (section 3613) "to view the premises and appraise the value thereof."

Again, in section 3628, in prescribing how the homestead estate shall be ascertained in the county court after the owner's death, this proviso appears: "Provided, however, that the real property, which is subjected to the homestead estate by the county court, and in which such estate is ascertained and set off by such court, must not exceed in value and area the value and area prescribed in section 3605." Here is a specific direction that the value of the property itself is the measure of the extent of the exemption. Even if the term "property" could be construed to mean the claimant's estate in the property, and as to that we express no opinion, there is no warrant for deducting the amount of incumbrances from such value. As before stated, the incumbrances do not diminish the owner's estate. We think the weight

of authority is against the views expressed by the Nebraska courts. Brown v. Starr (Cal.) 21 Pac. 973, 12 Am. St. Rep. 180; Estate of Herbert, 122 Cal. 329, 54 Pac. 1109; Yates v. McKibbin (Iowa) 23 N. W. 752; Arnold v. Jones, 77 Tenn. 545; Norris v. Moulton, 34 N. H. 392. As the property exceeds $5,000 in value and is incapable of division without material injury, its disposition must be governed by that part of section 6392, Rev. Codes 1899, which provides as follows: "If the court finds that the homestead exceeds in value the sum of five thousand dollars and further finds that the property cannot be divided without material injury, the order setting it apart must determine the amount of such excess and the property may thereafter be subjected to the payment of debts in the same manner as other property to the extent of the excess so determined after all the other available property has been exhausted." If the creditors of the estate can be satisfied out of the other assets the homestead is not to be disturbed even though it exceeds the limited value. In other words, the rights of the widow and the minor children to the family homestead are very properly recognized as superior to those of the heirs. If the homestead cannot be divided without material injury the family home must be preserved intact as against the heirs, whose right to inheritance is inferior in degree, and should be postponed to the right of the decedent's family to their home, even though the homestead exceeds five thousand dollars in value. Creditors alone can demand that the homestead in such a case be subjected to their claims to the extent that it exceeds the statutory limit of value. Even creditors cannot resort to the homestead until all other available assets are exhausted.

In this case the creditors, if there are any besides the mortgagee, are making no claim, and in view of the amount of the mortgage on the homestead it is not likely that there will be any occasion for such a demand. It is clear that these appellants have no cause for complaint even though the judgment appealed from is technically erroneous. The judgment and decree should be modified so as to show, as required by section 6392, that the homestead assigned to the respondent exceeds the statutory limit to the extent of $2,000, and that the homestead cannot be divided without material injury.

As thus modified the judgment is affirmed. All concur.

(106 N. W. 684.)

N. B.—See note on homestead to Helgebye v. Dammen, 13 N D. 176.