**FIRST NAT. BANK OF FAIRBANKS**
**v. STOUT et al.**

No. 3929.

District Court of Alaska. Fourth Division. Fairbanks.

Oct. 21, 1938.

Charles E. Taylor, of Fairbanks, for plaintiff.
Cecil H. Clegg, of Fairbanks for defendants.

PRATT, District Judge.

In 1930 Charles Opdyke executed a real property mortgage to secure the sum of $13,000 to the plaintiff upon his undivided one-half interest in and to certain mining claims on Nome Creek in the Tolovana Recording District and Precinct, Division aforesaid, where the mortgage was duly recorded.

In 1934 Charles Opdyke died, leaving a widow, Myra Opdyke, and a minor child, Lowry Opdyke and a will appointing her executrix. She promptly and duly qualified and has served and is now serving in that capacity.

Only a small sum was paid on the mortgage debt and and the mortgagee commenced this action to foreclose the same on the 17th day of March 1936, the widow's name by subsequent marriage having been changed to Myra Stout.

The defendants set up the defense that upon the 23rd day of July, 1935, the Probate Court for the Tolovana Precinct, duly entered an order awarding to Myra Opdyke, the widow of Charles Opdyke, deceased, the undivided one-half interest of said Charles Opdyke in said mining claims which were subject to said mortgage, and further alleged that said award gave the defendant widow a title which was superior to the mortgage of the plaintiff. The defendants further alleged that the award was duly made in full compliance with the law without any objection or protest on the part of the plaintiff, and set forth a copy of the judgment making the award.

To this defense the plaintiff has demurred on the ground that the same does not state facts sufficient to constitute a defense to the matter set up in plaintiff's amended complaint.

The allowance to the surviving widow or minor child is of purely statutory origin, so a careful review of the statutes is required. 24 C.J. p. 230.

In 1900 Congress enacted a Civil Code and Code of Civil Procedure for Alaska and the same is codified as "Carter's Alaska Codes," commonly abbreviated, "C. A. C." The chapter on widow's allowances, sections 815 to 819, inc., C. A. C., was taken from the laws of Oregon, Hill's Annotated Laws, Sections 1126 to 1130, inc.

Section 817, C.A.C., section 1649, C.L.A. '13 is, as follows: "If the property so exempt is insufficient for the support of the widow and minor children, according to their circumstances and condition in life, for one year after the filing of the inventory, the commissioner may order that the executor or administrator pay to such widow, if any, and if not, then to the guardian of such minor children, an amount sufficient for that purpose."

Section 1128, Hill's Annotated Laws (section 1235, Lord's Oregon Laws), contained the provisions set forth in Section 817, C.A.C., and in addition thereto the following clause, to-wit: "but such order shall. not be made unless it appear probable that the estate. is sufficient to satisfy all the debts and liabilities of the deceased, and pay the expenses of administration in addition to the payment of such amount."

In spite of the inference which might be drawn from the fact that Congress dropped out the above mentioned clause, the hereinafter mentioned matters clearly preserve the superior rights of lienors, to-wit:

(a)  There is no direct mention of any superiority of such an allowance to liens.

(b)  Section 872, C.A.C., (section 1704, C.L.A. '13; section 4479, C.L.A. '33) on the order of payment of

charges and claims places "debts which at the death of the deceased were a lien upon his property * * *" in the sixth subdivision; and Section 873 (section 1705, C.L.A. '13; section 4480, C.L.A. '33) provides: "The preference given by subdivision six of the last section shall extend only to the proceeds of the property upon which the lien exists and as to such proceeds such debt is to be preferred to any of the classes mentioned in such section other than the taxes upon such property."

(c) Section 850 (section 1682, C.L.A. '13; section 4448, C.L.A. '33): "If the deceased left any property, real or personal, under mortgage, * * * the commissioner * * * may order the executor or administrator to redeem such property * * *."

(d) Section 851 (section 1683, C.L.A. '13; section 4449, C.L.A. '33): "If, * * * such redemption be deemed not proper or inexpedient, the commissioner shall order such property to be sold * * *."

(e) Section 852 (section 1684, C.L.A. '13; section 4450, C.L.A. '33): "Ten days before making an order for the application of the proceeds of such sale, the mortgagee or other person to whom the debt which is secured by such mortgage is payable shall be cited to appear and show the amount of his debt * * * and thereupon the court shall order that the proceeds of the sale be first applied to the payment of the proper expenses of the proceeding and sale, and secondly, to the satisfaction of such debt, and the residue, if any, in due course of administration."

(f) Section 853 (section 1685, C.L.A. '13; section 4451, C.L.A. '33): "The three sections last preceding shall not be construed to include a mortgage which has been foreclosed, or upon which a suit has been commenced for foreclosure before the application for the order of redemption or sale is made * * *."

(g) Section 835 (section 1667, C.L.A. '13; section 4433, C.L.A. '33): "The petition for the order of sale

of real property shall state the amount of the sales of personal property, the charges, expenses, and claims still unsatisfied, so far as the same can be ascertained, a description of the real property of the estate, the condition and probable value of the different portions or lots thereof, the amount and nature of any liens thereon, * * *."

Chapter 83, "Of the Support of the Widow and Minor Children," of Carter's Alaska Code of Civil Procedure, was carried forward as Chapter 83 of the Code of Civil Procedure, Sections 1647 to 1651, inclusive, Compiled Laws of Alaska 1913.

The Legislature of the Territory of Alaska in 1919 amended four of the five sections composing Chapter 83 above mentioned and the same is set forth as Chapter 12, Session Laws of Alaska 1919.

The title of the act is, "An Act to amend Section 1648, Section 1649, Section 1650, and Section 1651 of Chapter 18, of the Compiled Laws of Alaska, relative to the support of the widow and minor children of decedents, and providing for a summary method of closing insolvent small estates."

Section 1 amends Section 1648 to read: "After the filing of the inventory, should the deceased have died leaving a widow or minor children, the Commissioner, upon such notice as may be by him fixed, upon being satisfied that the funeral expenses, expenses of last illness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving widow or minor children property of the estate not exceeding the value of Four Thousand Dollars ($4,-000.00), exclusive of any mortgage or mechanic's, laborer's, or other lien upon the property so set off, which property so set off shall include the home and household goods, if any, and all property of deceased exempt from execution, and such award shall be by an order or judgment of the Commissioner and vest the absolute title, and there shall be no further administration upon such portion of

the estate so set off and awarded, but the remainder of the estate, if any, shall be settled as other estates. The property thus set apart, if there be a widow, shall by such judgment be decreed her property to be used and expended by her for the maintenance of herself and the minor children of deceased, if any, or, if there be no widow, it shall be decreed the property of the minor child or, if there be more than one, of the minor children, in such proportion as the Commissioner shall deem proper, taking into consideration their age and the expense of maintenance, to be used and expended in the nurture, maintenance and support of such child or children, until they become of legal age, by the guardian thereof, as the law may direct. Said judgment, decree and award shall specifically describe the property so set apart and shall be final, except in case of appeal or for fraud." C.L.A.1933, § 4407.

In the Compiled Laws of Alaska 1913, the sections of all of the codes are numbered consecutively regardless of whether they appear in the Civil Code, Code of Criminal Procedure, Code of Civil Procedure, etc.

Sections 1648 to 1651, inc., are not in Chapter 18 of the Compiled Laws but in Chapter 83. However, as the sections mentioned are the sections which deal with the support of the widow and minor children, the error as to the number of the chapter becomes immaterial.

The defendants maintain that Section 1 of Chapter 12, aforesaid, authorized the commissioner as probate judge in setting off to the widow the mortgaged mining claims of her deceased husband, to give her the absolute title therein, free of and paramount to the mortgage lien of the plaintiff.

The plaintiff maintains the section above mentioned does not by its wording give any such right and that if it does, it is invalid in that there is nothing in the title of the act indicating that such a subject is treated in the act.

Eliminating qualifying phrases, the Territorial Act provides: "The Commissioner * * * shall award * * * to the surviving widow * * * property of the estate not exceeding the value of Four Thousand Dollars ($4,-000.00), exclusive of any mortgage * * *."

Exclusive is defined as follows in Webster's Unabridged Dictionary: "Not taking into account; excluding from consideration what is named; opposed to inclusive, as 'Five thousand troops exclusive of artillery'."

■ The phrase "exclusive of mortgages" modifies the word "value" and makes the act direct that in valuing the property set aside the value of mortgages is not to be included or is not to be taken into account, or is to be excluded from consideration in making up the value of the property set aside. Technically speaking, a mortgage on property does not increase the value of the property or diminish it. Calmer v. Calmer, 15 N.D. 120, 106 N.W. 684. But this technical use of the word "exclusive" would neither support the contention of the defendant nor assist the widow in getting money or property for the maintenance and support of herself and minor child. The evident purpose of the legislature was to assist a widow in necessitous circumstances by giving her property which she could immediately convert into cash for sustenance. The exempt property which might have been set off to her under the old law was largely composed of articles which few families in Alaska would be apt to have.

From a practical point of view, a mortgage on property is of the value of the amount due on the mortgage providing the property is of the same or greater value. Considering the legislative act with the last meaning in view, we have the act direct the commissioner to ascertain the value of the property set aside to the widow by excluding, not including, the value of the mortgage. Thus he should deduct the value of the mortgage from the

total value of the property in order to ascertain the value of the property set aside to the widow.

■■    In no event is there anything in the legislative wording "exclusive of any mortgage or mechanic's, laborer's, or other liens" which states that mortgaged property can be set aside to the widow free and clear of the prior existing mortgage or other lien.   To blot out the mortgagee's or lienor's security in favor of a widow would require a constitutional law which by its terms clearly gave such a right to a commissioner in favor of a widow.   59 C.J. p. 1110.   "It will not be presumed that the legislature, intended to withdraw long established principles of law by an amendment, unless the intention clearly appears."   59 C.J. p. 1095.   "* * * all statutes in derogation of the common law * * * are to be strictly construed."   59 C.J. p. 1124.

■    As mentioned above, the long established purpose of the law as to liens and widow's allowances was fixed by Congress in the act approved June 6, 1900, clearly preserving the rights of mortgagees of husbands as fully as if the mortgagor had remained alive.   The established law with reference to liens of mechanics, laborers, builders, and material men, was by the act of Congress, approved June 6, 1900 (Section 262 p. 409, C.A.C.; section 691 C.L.A. '13; section 1982, C.L.A. '33), made superior to that of a pre-existing mortgage or homestead rights in the property improved with no exception whatever in favor of a widow or minor children.

If the legislature had intended to make a widow's allowance superior to liens on the property existing before the death of her husband, it would have been necessary to express that intention clearly and to amend all of the sections of the Code set forth above as carrying out the congressional intention of preserving the superiority of liens to allowances to widows, etc.   The law allowing a homestead exemption (section 1104, C.L.A. '13; Section

272, C.A.C.; Act of Congress, June 6, 1900, 31 Stat. 375) provided that even a homestead exemption did not apply to foreclosure decrees of liens on homesteads except that if the mortgage was given after marriage the husband and wife were required to join in the same. The legislative act made no distinction between a mortgage on the homestead or a mortgage on any other property or between a mortgage executed by a husband and a wife and a mortgage executed by the husband alone. Thus, if the legislative act was as claimed by the defendants in this case, it would have permitted the commissioner upon petition of the widow to do the following things:

(a)  Set aside the homestead free and clear of a mortgage executed by husband and wife.

(b)  Set aside property of the estate covered by a mortgage signed by the decedent or covered by a mechanic's lien even though there was sufficient property in the estate for the widow's allowance without taking any property upon which a lien existed.

(c)  Set aside a mortgage given for the purchase price of the identical property.

(d)  Take valuable property rights from the lienor without compensation and without due process of law.

The legislative act had no clause excepting or saving the rights of mortgagees and mechanic's lienors whose rights had attached prior to the legislative enactment, and this in itself furnished additional evidence against defendants' position, for "Presumptions are also indulged against any * * * unjust * * * or unreasonable consequences, and against any hasty * * * legislation." 59 C.J. p. 1010.

■ If the territorial act took away the rights of mortgagees and lienors, it would be in derogation of the common law and a statute will not be construed as changing the common law beyond what is expressly declared or necessarily implied. 59 C.J. p. 1127. The Congression-

al Act, approved June 6, 1900 (Section 367, C.A.C.; section 796, C.L.A. '13; section 3271, C.L.A. '33), made so much of the common law as was not inconsistent with the constitution and laws of the United States to be the law in the Territory of Alaska.

The title of the territorial act was to amend four designated sections of the Compiled Laws. A recital then followed as to what the sections were about.

The sections were in the Code of Civil Procedure. They had been a part of the Code of Civil Procedure at all times, in the Congressional Act, approved June 6, 1900; 31 Stat. p. 461; carried forward in Compiled Laws of Alaska as sections 1647 to 1651, inc., and a mention of those sections could not in any way be held to indicate that a long established civil right was being taken away from mortgagees and mechanic's lienors. Section 415, C.L.A. '13; Section 474, C.L.A. '33, 48 U. S.C.A. § 76, is as follows: "The enacting clause of all laws passed by the legislature shall be 'Be it enacted by the Legislature of the Territory of Alaska.' No law shall embrace more than one subject, which shall be expressed in its title."

▇▇ Consequently, even if the legislative act had attempted to make the widow's allowance superior to pre-existing liens, it would have been invalid as no such subject was expressed in the title of the act.

▇▇ It clearly appears that defendants' first affirmative defense does not constitute a defense, and that the demurrer thereto on the ground that the same does not state facts sufficient to constitute a defense should be sustained.

Inasmuch as the above disposes of the case upon the main ground, it is not necessary to notice effect of the recital in the judgment of award that the home and household goods, listed in the inventory at a value of $1,000 are not set off to the widow for the reason that they are

of no value to her by reason of their isolation and the situation of the home upon the unappropriated public domain of the United States; nor is it necessary to pass upon the question of whether or not the probate court's awarding judgment shows notice of the proceeding to have been given to the plaintiff.