2005 ND 107

**In the Matter of the ESTATE OF Gerald C. KIMBRELL, Deceased.**

**Phyllis Kimbrell, Petitioner and Appellant**

v.

**Harry Eisenbeis, Personal Representative of the Estate of Gerald C. Kimbrell, Deceased; Steve Kimbrell; Linda Hams; and Kim Scott, Respondents and Appellees.**

Nos. 20040226, 20040322.

Supreme Court of North Dakota.

June 2, 2005.

316

Charles A. Stock, Johannson, Rust, Yon, Stock & Rasmusson, P.A., Crookston, MN, for petitioner and appellant.

Sara K. Sorenson and Ross V. Keller (appeared), Ohnstad Twichell, P.C., Hillsboro, N.D., for respondent and appellee Harry Eisenbeis.

Stuart A. Larson, P.C., Hillsboro, N.D., for respondents and appellees Steve Kimbrell, Linda Hams, and Kim Scott.

SANDSTROM, Justice.

[¶ 1] Phyllis Kimbrell appealed from district court orders entered in the administration of the Estate of Gerald C. Kimbrell, Deceased ("Estate"). We conclude she received a homestead estate in Gerald Kimbrell's homestead for life or until she remarries, subject to existing encumbrances, and we affirm.

I

[¶ 2] Gerald and Phyllis Kimbrell married in 1990. When Gerald Kimbrell died in 2002, he was survived by Phyllis Kimbrell and three adult children from a previous marriage. Gerald Kimbrell's 1986 will left his estate to his children, without specifically devising his homestead. Throughout their marriage, the Kimbrells lived on Gerald Kimbrell's homestead, which has an appraised value of $65,000 and is subject to a mortgage used to purchase contiguous land now owned by Phyllis Kimbrell.

[¶ 3] The net augmented estate was valued at $742,075.76. Phyllis Kimbrell received $394,354.92 in non-probate transfers, $10,000 in exempt property, and an $18,000 family allowance. She sought an order granting her a fee simple absolute title to the homestead or an order requiring the Estate to pay the mortgage on the homestead property. The district court concluded that her "statutory right to receive a homestead interest in the property owned by the Decedent at the time of his death ... is not a fee simple absolute interest, but more akin to a life estate," and that the Estate was not required to pay the mortgage. The court issued an order granting her a "homestead estate" in the homestead property, with "the right to the possession, care, control, income and rents of the above-described real property for life or until she remarries ... subject to existing encumbrances." In an order approving the personal representative's final report and distribution of the property in the Estate, the district court granted her "a homestead estate with right to possession, care, control, income and rents for life or until she remarries in the [homestead] property." Phyllis Kimbrell appealed the district court orders.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 30.1-02-02 and 27-05-06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 30.1-02-06.1 and 28-27-02.

## II

■ [¶ 5] Phyllis Kimbrell has raised several issues relating to the nature of the interest created by the homestead provisions in N.D.C.C. ch. 30.1-07 and the application and interpretation of N.D.C.C. chs. 30-16 and 30.1-07 and N.D.C.C. § 47-18-01. Relying on several references to homestead allowances in North Dakota's adoption of the Uniform Probate Code in N.D.C.C. tit. 30.1 and two Montana cases, *In re Estate of Merkel*, 190 Mont. 78, 618 P.2d 872 (1980), and *In re Estate of Martelle*, 306 Mont. 253, 32 P.3d 758 (2001), Phyllis Kimbrell contends she "must be awarded the marital homestead in fee simple plus $15,000.00; alternatively she must be awarded the homestead in fee simple up to its value of $65,000.00; or, thirdly, she should be awarded a life estate plus a monetary payment of either $80,000.00 or $45,257.58."

[¶ 6] Section 30.1-07-00.1, N.D.C.C. [U.P.C. § 2-401], provides, in part: "This chapter applies to the estate of a decedent who dies domiciled in this state." Our legislature adopted most of the Uniform Probate Code in 1973. 1973 N.D. Sess. Laws ch. 257. Chapter 30.1-07, N.D.C.C., adopted much of article II, part 4, of the Uniform Probate Code in providing for exempt property and allowances. The General Editorial Board Comment to N.D.C.C. ch. 30.1-07, states, in part:

This chapter describes certain rights and values to which a surviving spouse and certain children of a deceased domiciliary are entitled in preference over unsecured creditors of the estate and persons to whom the estate may be devised by will.

. . . .

States adopting the Code may see fit to alter the dollar amounts suggested in these sections, or to vary the terms and conditions in other ways so as to accommodate existing traditions.

[¶ 7] U.P.C. § 2-402, which has not been adopted in North Dakota, provides that a decedent's surviving spouse is entitled to a "homestead allowance of [$15,-000]" and provides that the "[h]omestead allowance is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent, unless otherwise provided, by intestate succession, or by way of elective share." Instead of the homestead allowance provided in U.P.C. § 2-402, our legislature has enacted N.D.C.C. § 30.1-07-01 [U.P.C. § 2-403], which provides, in part:

In addition to the homestead defined in section 47-18-01, the decedent's surviving spouse is entitled from the estate to a value, not exceeding ten thousand dollars in excess of any security interests therein, in household furniture, automobiles, furnishings, appliances, and personal effects.... Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, but the right to any assets to make up a deficiency of exempt property abates as necessary to permit earlier payment of the homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse or children by the decedent's will, unless otherwise provided, by intestate succession, or by way of elective share.

Section 47–18–01, N.D.C.C., provides, in part:

The homestead of any person, whether married or unmarried, residing in this state shall consist of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed eighty thousand dollars in value, over and above liens or encumbrances or both.

What is now codified as N.D.C.C. § 47–18–01 has been " 'construed, not as an attempt to define the meaning of the word homestead, but as an act recognizing the right to a homestead exemption and fixing the amount in area and value of the homestead property which could be held exempt.' " *In re Teiten's Estate*, 63 N.D. 729, 732, 249 N.W. 913, 914 (1933) (quoting *Calmer v. Calmer*, 15 N.D. 120, 126, 106 N.W. 684, 686 (1906)).

[¶ 8] Sections 30–16–01 and 30–16–02, N.D.C.C., also deal with homesteads. Section 30–16–01, N.D.C.C., provides, in part:

In this chapter, unless the context or subject matter otherwise requires:

1. "Homestead" has the meaning set forth in section 47–18–01.
2. "Homestead estate" means the right to the possession, use, control, income, and rents of the real property held or occupied by the decedent as a homestead at death.

Section 30–16–02, N.D.C.C., provides, in part:

Upon the death of a person in whom the title to real property constituting a homestead is vested, a homestead estate shall survive, and, until otherwise disposed of according to law, shall be set over to the persons and in the order following:

1. To the surviving spouse for life or until the surviving spouse again marries.

[¶ 9] "Statutory interpretation is a question of law subject to full review upon appeal." *Harter v. North Dakota Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. " 'In construing a statute, our duty is to ascertain the Legislature's intent, which initially must be sought from the statutory language itself, giving it its plain, ordinary, and commonly understood meaning. We construe statutes as a whole and harmonize them to give meaning to related provisions.' " *Larson v. Larson*, 2005 ND 67, ¶ 8, 694 N.W.2d 13, quoting *Boumont v. Boumont*, 2005 ND 20, ¶ 8, 691 N.W.2d 278.

[¶ 10] Read together, N.D.C.C. §§ 30–16–01 and 30–16–02 provide that the surviving spouse of a decedent occupying real property as a homestead receives a limited estate: "the right to the possession, use, control, income, and rents of the real property held or occupied by the decedent as a homestead at death," N.D.C.C. § 30–16–01(2), "for life or until the surviving spouse again marries," N.D.C.C. § 30–16–02(1). That estate is limited in size and value by N.D.C.C. § 47–18–01 to "the land ... and the dwelling house ... with all its appurtenances, and all other improvements on the land, the total not to exceed eighty thousand dollars in value, over and above liens or encumbrances or both." Construing N.D.C.C. §§ 30–16–01, 30–16–02, 30.1–07–

01, and 47–18–01 together, and giving the language used in each of those statutes its plain, ordinary, and commonly understood meaning, we conclude the district court properly determined that Phyllis Kimbrell's interest in the homestead property is a homestead estate, with a right to possession, care, and control of the property, and the income and rents from it for life or until she remarries, subject to existing encumbrances.

[¶ 11] Phyllis Kimbrell observes that "North Dakota's Uniform Probate Code is littered with references to the term 'homestead allowance,'" and cites N.D.C.C. §§ 30.1–05–01(3), 30.1–07–00.1, 30.1–07–01, 30.1–07–02, 30.1–07–03, and 30.1–12–01. Her reliance on references to homestead allowances in several sections of N.D.C.C. tit. 30.1 is misplaced. Because our legislature chose not to adopt U.P.C. § 2–402, creating a homestead allowance, and, instead, chose to provide a "homestead defined in section 47–18–01" in N.D.C.C. § 30.1–07–01, all references to "homestead allowance" in the probate code must be read with reference to N.D.C.C. §§ 30–16–01, 30–16–02, and 47–18–01. Phyllis Kimbrell's reliance on the Montana decisions of *Martelle*, 306 Mont. 253, 32 P.3d 758, and *Merkel*, 190 Mont. 78, 618 P.2d 872, is similarly misplaced. Those decisions turned on two things not present in North Dakota: (1) When Montana adopted the Uniform Probate Code in 1974, it repealed § 91–2405, R.C.M.1947, which had allotted to the surviving spouse a life estate in a homestead (a limited form of which North Dakota has retained in N.D.C.C. §§ 30–16–01 and 30–16–02); and (2) Montana adopted what is now codified at § 72–2–412, M.C.A., which is the same, except for the dollar amount, as U.P.C. § 2–402, providing a "homestead allowance of [$15,-000]," which North Dakota has not adopted.

III

[¶ 12] The orders of the district court are affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.