2015 ND 155

**Jeanette J. MATTERN, Plaintiff and Appellant**

**v.**

**FRANK J. MATTERN ESTATE, by and through Anne M. ERICKSON, personal representative, Defendant and Appellee.**

**No. 20140296.**

Supreme Court of North Dakota.

June 11, 2015.

Clark J. Bormann (argued) and Sophie Y. Morgan (appeared), Bismarck, N.D., for plaintiff and appellant.

Sheldon A. Smith (argued), David J. Smith (on brief), and Tyler J. Malm (on brief), Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] As surviving spouse of Frank Mattern, Jeanette Mattern appeals a district court judgment dividing the couple's marital homestead into three individual apartments and ordering Jeanette Mattern to pay rent retroactively and in the future while she lives in the homestead. We affirm the portion of the district court judgment granting Jeanette Mattern a homestead in the second-floor residence of the property, but reverse the portion of the judgment ordering her to pay rent for residing at the homestead. We therefore remand for further proceedings consistent with this opinion.

I

[¶ 2] Frank and Jeanette Mattern were married on January 6, 1995. Following the marriage, Jeanette Mattern moved into a house owned by Frank Mattern. The house, central to this dispute, consists of three units—two on the main level, which are rented, and one on the second floor ("marital home"), in which Frank and Jeanette Mattern lived during the course of their marriage and where Jeanette Mattern currently resides. Shortly after moving in with Frank Mattern, Jeanette Mattern sold her home and farm machinery and kept the proceeds from those sales separate from Frank Mattern's assets.

[¶ 3] In March 2011, Frank Mattern was diagnosed with cancer and began experiencing serious health complications. Shortly after, Frank and Jeanette Mattern and Frank Mattern's adult children began estate planning discussions. Specifically, the parties discussed whether Jeanette Mattern would continue living in the marital home following Frank Mattern's death. Eventually, the parties agreed that Jeanette Mattern would be permitted to live in the second-floor residence for eighteen months after Frank's death, with the option to rent if she decided to live there longer. Prior to his death, Frank Mattern drafted a will consistent with this arrangement.

[¶ 4] After Frank Mattern died on July 18, 2011, his oldest daughter was appointed personal representative of the estate. After Frank Mattern's will was admitted to informal probate, Jeanette Mattern petitioned for the right to reside in the marital home and to collect any exempt property and profits from rent and for reimbursement of insurance premiums paid from the couple's joint checking account and costs expended in maintaining the household. The personal representative objected to Jeanette Mat-

tern's requests, arguing she verbally waived her rights to the homestead estate and to exempt property and was not entitled to the family allowance or reimbursement for insurance premiums paid. In December 2011, Jeanette Mattern then commenced a separate action against the Estate of Frank J. Mattern ("Estate"), seeking to enforce the claims for which she petitioned.

[¶ 5] The case was tried in January 2014, and in April the district court issued an order concluding Jeanette Mattern had not waived her homestead rights and was entitled to the value of the marital home up to $100,000, and ordering an appraisal of the property's three units as of July 18, 2011, the date of Frank Mattern's death.

[¶ 6] Because of uncertainty regarding the effect of the April 2014 order, a status conference was held in May 2014. On July 2, 2014, the personal representative submitted a proposed order for judgment and an appraisal report dated June 17, 2014. Jeanette Mattern objected to the proposed order for judgment, arguing the appraisal was incorrectly based upon the value of the property as of June 17, 2014, rather than the date of Frank Mattern's death. She also objected to the requirement that she pay rent, both retroactively and in the future, for living in the marital home. According to the electronic record, the next day, before the electronic filing of Jeanette Mattern's objections reached the judge, the district court had already signed the proposed order for judgment.

[¶ 7] On July 17, 2014, Judge Sonna Anderson was assigned to the case as a result of Judge Jorgensen's retirement. The next day, the district court issued a memorandum to the parties stating it would not make any rulings on Jeanette Mattern's objections to the proposed order for judgment or any modifications to the previously issued order. On August 20, 2014, the district court entered judgment, ordering: 1) the homestead consists solely of the second floor of the house owned by the decedent, the value of which exceeds the statutory homestead exemption amount by approximately $75,000.00 as determined by the June 17, 2014, appraisal; 2) the fair market value of rent on the homestead is $1,700.00 a month; 3) Jeanette Mattern shall pay $729.00 per month in rent to the Estate, which represents the proportionate fair market value of rent on the homestead to the extent it exceeds the statutory exemption amount, for as long as she occupies the homestead; and 4) Jeanette Mattern shall also pay the Estate rent of $729.00 per month retroactively from August 2011. Jeanette Mattern then filed a notice of appeal.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 30.1–02–02 and 27–05–06. Jeanette Mattern's appeal was timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 30.1–02–06.1 and 28–27–02.

II

[¶ 9] On appeal, Jeanette Mattern argues the district court abused its discretion in dividing the property as it did when no creditors exist, refusing to award her rental income from the property's rental units, and ordering her to pay rent while living in the marital home. She contends that because the property cannot be divided without material injury and no creditors have claims against the property, she is entitled to a homestead in the second-floor residence of the property, rent free, during her lifetime or until she remarries, and to receive any profits produced from the adjoining rental units.

■ [¶ 10] "Statutory interpretation is a question of law subject to full review upon appeal." *Estate of Kimbrell*, 2005 ND 107, ¶ 9, 697 N.W.2d 315 (internal quotation marks and citation omitted). Under N.D.C.C. § 1–02–02, "[w]ords used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." We construe statutes as a whole and harmonize them to give meaning to related provisions. *See* N.D.C.C. §§ 1–02–01 and 1–02–02.

A

■ [¶ 11] Jeanette Mattern argues the district court abused its discretion in dividing the property so as to grant her a homestead only in the second-floor residence and failing to award her the rental income from the property's first-floor rental units. She claims, under N.D.C.C. § 30–16–09, a homestead cannot be divided unless 1) division is necessary to satisfy a judgment on a debt; 2) division will not cause material injury; and 3) the value of the homestead at the time of the decedent's death exceeds the homestead exemption amount. She also argues that when a homestead cannot be divided without material injury, the homestead must be preserved intact as against heirs even though the homestead exceeds the exemption amount. *See Calmer v. Calmer*, 15 N.D. 120, 106 N.W. 684, 688 (1906). According to her, because the property cannot be divided without material injury and no creditors have claims against it, she is entitled not only to a homestead in the entire property but also to all rental income generated from the property's rental units.

[¶ 12] The Estate presents a two-fold argument in response to Jeanette Mattern's contention that the district court abused its discretion by dividing the homestead property when there were no creditors of the Estate. First, the Estate claims this argument is not reviewable on appeal because it was not previously raised to the district court. *See Niles v. Eldridge*, 2013 ND 52, ¶ 7, 828 N.W.2d 521 ("Issues or contentions not adequately developed and presented at trial are not properly before this Court."). Because the record reflects Jeanette Mattern raised this argument to the district court at the May 29, 2014, status conference, this argument by the Estate is without merit.

[¶ 13] Alternatively, the Estate argues that under N.D.C.C. § 30–16–09, the existence of estate creditors is not a prerequisite to finding the homestead property divisible. The Estate claims N.D.C.C. § 30–16–09 merely provides that to the extent a homestead exceeds the statutorily imposed value limitation of $100,000, any excess in value may be subjected to the payment of debts after all of the other available property has been exhausted. The Estate therefore argues that because each of the property's ground-floor units has separate electricity, water, and gas and the property is divisible without material injury, the district court correctly determined the property could be divided so the homestead consists solely of the second-floor residence and Jeanette Mattern is not entitled to the income from the property's rental units.

■ [¶ 14] "Homestead rights are a creature of statute and, it seems, peculiar to America." *Farstveet v. Rudolph ex rel. Eileen Rudolph Estate*, 2000 ND 189, ¶ 11, 630 N.W.2d 24 (citing 40 Am. Jur. 2d *Homestead* § 2 at 251 (1999)). Historically, North Dakota's homestead laws were founded upon sound public policy, their purpose being "to protect the family to the end that it may not be without a home or opportunity for self-support." *Id.; see*

*Swingle v. Swingle*, 36 N.D. 611, 162 N.W. 912, 915 (1917); *Dieter v. Fraine*, 20 N.D. 484, 128 N.W. 684, 687 (1910); *Calmer v. Calmer*, 15 N.D. 120, 106 N.W. 684, 686 (1906); *Fore v. Fore's Estate*, 2 N.D. 260, 50 N.W. 712, 714 (1891). As with all exemption statutes, it is axiomatic that the homestead statutes be liberally construed with a view of protecting the homestead. *In re Murphy*, 292 B.R. 403, 407 (Bankr. D.N.D.2003). However, "the right to claim the homestead exemption is not without limits." *Farstveet*, at ¶ 11. Today, section 47–18–01, N.D.C.C., defines the nature and scope of the homestead exemption:

> The homestead of any individual, whether married or unmarried, residing in this state consists of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed one hundred thousand dollars in value, over and above liens or encumbrances or both. The homestead shall be exempt from judgment lien and from execution or forced sale, except as otherwise provided in this chapter....

Section 47–18–01, N.D.C.C., has been " 'construed, not as an attempt to define the meaning of the word homestead, but as an act recognizing the right to a homestead exemption and fixing the amount in area and value of the homestead property which could be held exempt.' " *Kimbrell*, 2005 ND 107, ¶ 7, 697 N.W.2d 315 (quoting *In re Teiten's Estate*, 63 N.D. 729, 732, 249 N.W. 913, 914 (1933) (citation omitted)).

[¶ 15] Chapters 47–18 and 30–16, N.D.C.C., discuss not only when a homestead can be divided or subject to execution or forced sale but also the disposition of the homestead's value in excess of the exemption amount. Under North Dakota law, a homestead cannot be subject to execution or forced sale in satisfaction of judgments obtained for debts unless such debts are authorized by statute. N.D.C.C. § 47–18–04. If it appears the property claimed as a homestead can be divided without material injury, however, the court shall "set off to the claimant so much of the real property, including the residence, as will amount in value to the homestead exemption." N.D.C.C. § 47–18–12. If the property selected as a homestead exceeds the value of the homestead exemption, N.D.C.C. § 30–16–05 requires that the homestead should be set off "in such form as to exclude the excess" unless the property "cannot be divided without material injury." If an estate selected as a homestead is found to exceed the homestead exemption amount, N.D.C.C. § 30–16–09 requires a court to "determine the amount of such excess, and thereafter the property to the extent of the excess so determined may be subjected, after all of the other available property has been exhausted, to the payment of debts in the same manner as other property."

[¶ 16] In the present case, the district court granted to Jeanette Mattern a homestead estate consisting only of the second-floor residence, which exceeded the homestead exemption by approximately $75,000.00, and refused to grant her all rental income from the property's rental units. Despite Jeanette Mattern's arguments, it appears the district court did not abuse its discretion in dividing the homestead property so as to award Jeanette Mattern the second-floor residence she has lived in since she married Frank Mattern. Construing N.D.C.C. chapters 47–18 and 30–16 together and giving the pertinent statutes their plain, ordinary, and commonly understood meaning, these chapters provide that a homestead may be divided when the value of the homestead exceeds

the homestead exemption amount of $100,000.00 and no material injury would result from the division. *See* N.D.C.C. §§ 30–16–09 and 47–18–12. Here, although there is some dispute regarding the date of the property's appraisal, the appraisal reveals that the value of the entire property exceeds the homestead exemption amount by approximately $235,000.00. Moreover, it appears that dividing the homestead property so as to award Jeanette Mattern the second-floor residence would not cause material harm, because such a division is consistent with the arrangement Frank and Jeanette Mattern abided by throughout their marriage. Because the property Jeanette Mattern has attempted to claim as her homestead exceeds the exemption limitation and no material injury would result from dividing the homestead property, the district court did not abuse its discretion in confining Jeanette Mattern's homestead to the second-floor residence rather than the entire property and refusing to award her any rental income from the adjoining rental units. *But cf. In re Teiten's Estate*, 63 N.D. 729, 249 N.W. 913, 917 (1933) (claimant was entitled to homestead right in the entire tract of land because the property claimed was less than two acres and valued less than the homestead exemption amount). We therefore affirm the portion of the district court's judgment granting Jeanette Mattern a homestead in the second-floor residence of the property.

**B**

[¶ 17] Jeanette Mattern argues the district court abused its discretion in ordering her to pay rent to live in the marital home, which the district court designated as her homestead under N.D.C.C. § 47–18–01. She contends, under N.D.C.C. § 30–16–02(1), she has the statutory right to reside on the homestead without paying rent to the Estate. She again

argues that because of the lack of creditors, the property should not be divided even though the homestead property exceeds the homestead exemption amount.

[¶ 18] In its order for judgment, the district court stated:

3. That the value of the property exceeds the North Dakota allowed exemption of $100,000.00 by $75,000.00. Mathematically, the rent as attributed to the $100,000.00 or exempt amount is $971.00 and that the excess rent is $729.00.

4. Based on the appraisal . . ., I hereby order that Jeanette Mattern reimburse the estate in the amount of $729.00 retroactive to August 2011, and furthermore that on a continuing basis she pays rent to the estate or the estate's assigns in the amount of $729.00 a month, as long as she occupies the property.

Although it appears the district court did not abuse its discretion in confining Jeanette Mattern's homestead to the marital home, the court's decision to divide the marital home so as to ensure the value of the homestead granted to Jeanette Mattern remained within the homestead exemption amount is inconsistent with the purposes of the homestead provisions or our prior case law. *See Farstveet*, 2000 ND 189, ¶ 11, 630 N.W.2d 24 ("[T]he precise intent of the homestead provisions is to place designated homestead property out of the reach of creditors while it is occupied as a home, or as otherwise stated, to secure a debtor and his family essential shelter from creditors."); *Swingle v. Swingle*, 36 N.D. 611, 162 N.W. 912, 915 (1917) ("The object of the homestead law is the protection of the family. It is to afford an asylum for the protection and support of the family . . . .").

[¶ 19] Under N.D.C.C. § 30–16–05, the personal representative of the estate is required to set off the selected homestead property in such form as to ensure its value remains within the homestead exemption amount unless "the property cannot be divided without material injury." Although creditors are able to reach the excess value of the homestead after all other available property has been exhausted, there are no statutory provisions allowing heirs to collect against this excess. See N.D.C.C. § 30–16–09. In *Calmer v. Calmer*, 15 N.D. 120, 106 N.W. 684 (1906), this Court faced a similar issue regarding the disposition of a homestead's value in excess of the exemption. In *Calmer*, a widow attempted to claim a two-story building, "the upper story of which was used as the family dwelling, and the lower as a store. The building was mainly used as a family residence; its use in part as a place of business was only incidental." *Id.* at 122, 106 N.W. at 685. In reaching its decision to affirm the county court's decree awarding the homestead to the decedent's widow over the objections of his heirs, this Court stated, "If the homestead cannot be divided without material injury[,] the family home must be preserved intact as against heirs, whose right to inheritance is inferior in degree, and should be postponed to the right of the decedent's family to their home, even though the homestead exceeds [the homestead exemption amount]." *Id.* at 129, 106 N.W. at 686.

[¶ 20] In the present case, because the marital home could not be divided without material injury and no judgments or claims of creditors have been levied against the property, we conclude the district court erred in ordering Jeanette Mattern to pay rent to reside in the marital home, both retroactively and in the future. We therefore reverse the judgment of the district court and grant Jeanette Mattern a homestead interest in the marital home free of rent for life or until she remarries. *Kimbrell*, 2005 ND 107, ¶ 10, 697 N.W.2d 315.

## C

[¶ 21] Jeanette Mattern argues the district court erred as a matter of law in appraising the homestead's value on June 17, 2014, instead of July 18, 2011, the date Frank Mattern died. However, in light of this opinion, we conclude it is unnecessary to decide whether the court erred in allowing the appraisal to be conducted on June 17, 2014. See *Johnson v. Mark*, 2013 ND 128, ¶ 34, 834 N.W.2d 291.

## III

[¶ 22] We affirm the portion of the district court judgment granting Jeanette Mattern a homestead in the second-floor residence of the property, reverse the portion of the judgment ordering her to pay rent, both retroactively and in the future, for residing at the homestead, and remand for further proceedings consistent with this opinion.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.